122 T.C. No. 12


UNITED STATES TAX COURT


DON WEBER II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15169-03L.                  Filed March 22, 2004.


       On Dec. 19, 2002, R mailed to P two notices of
determination concerning collection action.  R issued
the first notice with respect to P's liability for
unpaid income taxes; R issued the second notice with
respect to P's liability for an unpaid civil penalty
under sec. 6682, I.R.C.  R sent both notices to P by
certified mail addressed to him at his last known
address.  The first notice was returned to R by the
U.S. Postal Service marked "unclaimed".  By letter
dated Aug. 4, 2003, R's settlement officer sent P
courtesy copies of the notices of determination.  On
Sept. 4, 2003, P filed a petition for lien or levy
action under sec. 6330(d), I.R.C.  Thereafter, R filed
a motion to dismiss P's petition for lack of
jurisdiction on the ground that it was not timely
filed.  P opposes the granting of R's motion,
contending that he did not receive either of the
notices of determination until August 2003, at which
time he promptly filed his petition with the Court.

Held: The income tax notice of determination that was sent by certified mail to P at P's last known address was sufficient, notwithstanding the fact that P did not receive such notice.

Held, further, the courtesy copy of the income tax notice of determination that R's officer sent P in August 2003 was not a notice of determination under sec. 6320, I.R.C., or sec. 6330, I.R.C., nor did the sending of that copy serve to revive the statutory filing period.

Held, further, because P did not timely file his petition in respect of the income tax notice of determination, this Court lacks jurisdiction to review R's determination to proceed with collection of P's liability for unpaid income taxes.

Held, further, this Court lacks jurisdiction to review R's determination to proceed with collection of P's liability for the unpaid civil penalty under sec. 6682, I.R.C., because it lacks jurisdiction over the underlying liability.

Don Weber II, pro se.

James E. Cannon and Julie Jebe, for respondent.

OPINION

DAWSON, Judge:  This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4), and Rules 180, 181, and 182.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

---

[1]  All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This collection review case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  Respondent contends that the Court lacks jurisdiction on the ground the petition for lien or levy action was not timely filed.  As discussed in detail below, we shall dismiss the petition for lack of jurisdiction.

### Background

The record reflects and/or the parties do not dispute the following facts:

On December 19, 2002, respondent mailed to petitioner a Notice Of Determination Concerning Collection Action(s) informing petitioner that respondent would proceed with the collection of petitioner's unpaid Federal income taxes for 1992, 1993, 1994, and 1995 (the income tax notice).  On December 19, 2002, respondent also mailed to petitioner a Notice Of Determination Concerning Collection Action(s) informing petitioner that respondent would proceed with the collection of petitioner's unpaid liability for a civil penalty imposed under section 6682 for the taxable period ending December 31, 1997 (the civil penalty notice).[2]

---

[2]  Sec. 6682(a) generally provides that an individual shall be liable for a civil penalty if such individual is found to have made a false statement regarding the correct amount of income tax withholding on wages and/or backup withholding.

Respondent mailed the income tax notice and the civil penalty notice to petitioner by certified mail addressed to him at 3500 W. 95th St., No. 6638, Shawnee Msn., Kansas 66206-2052 (the Kansas address).[3]  On or about January 13, 2003, the envelope bearing the income tax notice was returned to respondent by the U.S. Postal Service marked "Unclaimed".[4]  The envelope included notations reflecting that the U.S. Postal Service attempted to deliver the notice to petitioner on certain specific dates.

On August 4, 2003, respondent mailed a letter to petitioner at the Kansas address that stated in pertinent part as follows: "Per our telephone conversation this morning, enclosed are copies of the determination letters previously mailed to you in December 2002, when the letters were originally issued."

On September 4, 2003, the Court received and filed a petition for lien or levy action.  No notice of determination was attached to the petition, nor did the petition identify the specific notice(s) in dispute.  The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of

---

[3]  Respondent proved the mailing of the notice of determination through the introduction of a postmarked copy of a certified mail list.  Cf. Magazine v. Commissioner, 89 T.C. 321, 326-327 (1987) (holding that for purposes of sec. 6212, the Commissioner must produce direct evidence to establish the fact that a notice of deficiency was mailed).

[4]  The record does not reflect whether the civil penalty notice was returned to respondent undelivered.

August 27, 2003. In the petition, petitioner listed the Kansas address as his current address.

Respondent filed a motion to dismiss for lack of jurisdiction on the ground the petition was not filed within the 30-day period prescribed in section 6330(d) or section 7502.

Petitioner filed an objection to respondent's motion, asserting that he did not receive either of the notices in question until August 2003, at which time he promptly filed a petition with the Court. Petitioner also questioned why the copies of the notices that he received in August 2003 were undated.

Respondent filed a response to petitioner's objection asserting that the copies of the notices that were forwarded to petitioner in August 2003 were merely courtesy copies. Respondent further explained that the copies sent to petitioner were undated because petitioner's case file was not immediately available and the copies in question were retrieved from respondent's computer files.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion to dismiss. Although there was no appearance by or on behalf of petitioner at the hearing, petitioner did file with the Court a written statement pursuant to Rule 50(c).

## Discussion

Sections 6320 (pertaining to Federal tax liens) and 6330 (pertaining to levies) establish procedures for administrative and judicial review of certain collection actions. As an initial matter, the Commissioner is required to provide a taxpayer with written notice that a Federal tax lien has been filed and/or that the Commissioner intends to levy; the Commissioner is also required to explain to the taxpayer that such collection action may be challenged on various grounds at an administrative hearing. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). Sections 6320(a)(2) and 6330(a)(2) provide that the written notice described above shall be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail to such person's last known address.

When the Appeals Office issues a Notice Of Determination Concerning Collection Action(s) to a taxpayer following an administrative hearing, section 6330(d)(1) provides that the taxpayer has 30 days following the issuance of such notice to file a petition for review with the Tax Court or, if the Tax Court does not have jurisdiction over the underlying tax liability, with a Federal District Court. See Offiler v. Commissioner, 114 T.C. 492, 498 (2000). The procedure established under section 6330(d)(1) is made applicable to a

proceeding regarding a Federal tax lien by way of the cross-reference contained in section 6320(c).

We have held that this Court's jurisdiction under sections 6320 and 6330 depends on the issuance of a valid notice of determination and the filing of a timely petition for review. See <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 125 (2001); <u>Moorhous v. Commissioner</u>, 116 T.C. 263, 269 (2001); <u>Offiler v. Commissioner</u>, <u>supra</u> at 498; see also Rule 330(b).[5]

Although section 6330(d) does not specify the means by which the Commissioner is required to give notice of a determination made under sections 6320 and 6330, we conclude that the method that Congress specifically authorized for sending notices of deficiency in section 6212(a) and (b) certainly should suffice. Accordingly, we hold that a notice of determination issued pursuant to sections 6320 and/or 6330 is sufficient if such notice is sent by certified or registered mail to a taxpayer at the taxpayer's last known address.  Cf. sec. 6212(b)(1), (3).[6]

---

[5]  Petitioner did not raise any challenge to the validity of either of the notices of determination in question.

[6]  Sec. 6212(b)(1) and (3) provides in pertinent part as follows:

SEC. 6212. NOTICE OF DEFICIENCY.
    *       *       *       *       *       *       *
      (b) Address for notice of deficiency.--
          (1) Income and gift taxes and certain excise taxes.--* * * notice of a deficiency * * * if mailed to the taxpayer at his last known address,

(continued...)

It may be that such a notice of determination is also sufficient if it is given in person or left at the taxpayer's dwelling or usual place of business.  Cf. sec. 6330(a)(2).  However, we need not, and do not, decide this latter matter.

The Income Tax Notice

The notice of determination pertaining to petitioner's unpaid income tax liabilities was mailed by certified mail to the same address that petitioner listed as his current address in the petition for lien or levy action.  Petitioner does not contend that such notice was mailed to an incorrect address. Consequently, we conclude that the income tax notice was mailed to petitioner's last known address, which is sufficient for jurisdictional purposes.  See, e.g., Sarrell v. Commissioner, supra at 125.

Under the circumstances, the sole issue for decision with regard to the income tax notice is whether the petition was timely filed.  The record reflects that the petition was not filed within the 30-day period prescribed in section 6330(d)(1). In particular, the record shows that respondent mailed the notice

---

[6](...continued)
        shall be sufficient * * *.
     *      *      *      *      *      *      *
          (3)Estate tax.--* * * notice of a
      deficiency * * *, if addressed in the name of
      the decedent or other person subject to
      liability and mailed to his last known
      address, shall be sufficient * * *.

of determination to petitioner on December 19, 2002.  Taking into account an intervening weekend and Federal holiday, the 30-day filing period expired on Tuesday, January 21, 2003.  See sec. 7503.  However, the petition in this case was not mailed to the Court until August 27, 2003, and was received and filed on September 4, 2003--more than 8 months after the income tax notice was mailed.  It follows that the petition was not timely filed and we are obliged to dismiss this case for lack of jurisdiction. See McCune v. Commissioner, 115 T.C. 114 (2000).

Petitioner's assertion that his petition should be considered timely filed because he did not actually receive the income tax notice until August 2003 is misplaced.  Like a notice of deficiency issued pursuant to section 6213(a), a notice of determination made pursuant to sections 6320 and/or section 6330 serves as a person's "ticket" to the Tax Court.  Offiler v. Commissioner, supra at 498; see Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  In accordance with longstanding principles governing the validity of a notice of deficiency under section 6213(a), and consistent with our conclusion that the income tax notice was sufficient because it was properly mailed to petitioner's last known address by certified mail on December 19, 2002, we hold that it is immaterial that petitioner did not receive the notice of determination before the expiration of the 30-day filing period.  See King v. Commissioner, 857 F.2d 676,

679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Teel v. Commissioner, 248 F.2d 749, 751 (10th Cir. 1957), affg. 27 T.C. 375 (1956); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52.

We further hold that the courtesy copy of the income tax notice that respondent sent to petitioner on August 4, 2003, was not a notice of determination under section 6320 or 6330; therefore, it could not serve to revive the 30-day filing period. See Teel v. Commissioner, supra; Lerer v. Commissioner, 52 T.C. 358, 362-366 (1969); Powell v. Commissioner, T.C. Memo. 1998-108; Schoenfeld v. Commissioner, T.C. Memo. 1993-303, n.2.

Finally, we do not have the authority to extend our jurisdiction in this case notwithstanding the fact that petitioner did not receive the notice of determination within the 30-day filing period. The Court's jurisdiction is statutorily prescribed under sections 6320 and 6330, and we may not extend the 30-day period for filing a petition for lien or levy action. Axe v. Commissioner, 58 T.C. 256, 259 (1972); see Lamont v. Commissioner, T.C. Memo. 1993-469.

Consistent with the preceding discussion, we shall grant respondent's motion to dismiss, in that we lack jurisdiction to

review the income tax notice on the ground the petition for lien or levy action was not timely filed.

The Civil Penalty Notice

As previously mentioned, the Court's jurisdiction under sections 6320 and 6330 is limited to cases in which the underlying tax liability is of a type over which the Court normally has jurisdiction.  Sec. 6330(d); Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000) (case dismissed for lack of jurisdiction on the ground the Court lacks jurisdiction to review the frivolous return penalty imposed under section 6702); Moore v. Commissioner, 114 T.C. 171, 175 (2000) (case dismissed for lack of jurisdiction on the ground the Court lacks jurisdiction to review the trust fund recovery penalty imposed under section 6672).

The record reflects that the civil penalty notice is based on the assessment of a penalty against petitioner pursuant to section 6682.  It is well settled that this Court lacks jurisdiction to redetermine such penalties.  Sec. 6682(c); Castillo v. Commissioner, 84 T.C. 405, 411 (1985); Fischer v. Commissioner, T.C. Memo. 1994-586 n.3.  Because we lack jurisdiction over the tax liability underlying the civil penalty notice, we are obliged to dismiss the matter for lack of

jurisdiction on that ground.  See <u>Barnhill v. Commissioner</u>, T.C. Memo. 2002-116; cf. <u>Lunsford v. Commissioner</u>, 117 T.C. 159 (2001).

To reflect the foregoing,

<u>An order will be entered dismissing this case for lack of jurisdiction</u>.