T.C. Memo. 2005-35

UNITED STATES TAX COURT

MICHAEL AND MARION BALICE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5437-04L.                    Filed February 28, 2005.

Frank J. Marcone (specially recognized), for petitioners.

Kathleen Raup, for respondent.


MEMORANDUM OPINION

MARVEL, Judge:  This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction on the
ground that the petition was not filed within the time prescribed
by section 6330(d)(1)[1] or section 7502.

_____

    [1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at the time petitioners filed
the petition.

## Background

Petitioners resided in Metuchen, New Jersey, when the petition in this case was filed.

Petitioners filed late Federal income tax returns for the taxable years 1989, 1990, 1992, and 1993. After examining petitioners' 1989 and 1990 returns, respondent determined deficiencies for those years. When petitioners failed to petition this Court within 90 days of the notices of deficiency issued for 1989 and 1990, respondent assessed the unpaid taxes, including penalties and interest. Respondent also assessed unpaid income tax liabilities shown on petitioners' 1992 and 1993 returns.

On July 30, 2002, respondent issued a notice pursuant to section 6330(a) with respect to petitioners' 1989, 1990, 1992, and 1993 taxable years that informed petitioners of respondent's intent to levy and their right to a hearing. In response, petitioners submitted Form 12153, Request for a Collection Due Process Hearing (hereinafter section 6330 hearing), dated August 23, 2002. On January 29, 2004, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy action. The notice of determination stated, in relevant part, the following: "If you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination

within 30 days from the date of this letter. * * * The time limit for filing your petition is fixed by law. The courts cannot consider your case if you file late."

On January 29, 2004, respondent sent a copy of the notice of determination to each petitioner by certified mail addressed to 70 Maple Avenue, Metuchen, New Jersey 08840. On January 30, 2004, the U.S. Postal Service attempted to deliver both letters and left notices of the attempted delivery at the 70 Maple Avenue address. On January 31, 2004, the copy of the notice of determination addressed to petitioner Michael Balice was delivered, but there is no indication that the copy addressed to petitioner Marion Balice was ever claimed at the post office or delivered.

On March 25, 2004, we received and filed a petition for review of respondent's determination to proceed with the levy action. The envelope in which petitioners mailed the petition was postmarked March 20, 2004. In the petition, petitioners listed the 70 Maple Avenue address as their current address.

On May 12, 2004, we filed respondent's motion to dismiss for lack of jurisdiction, which alleged that the petition was not filed within the 30-day period prescribed in section 6330(d) or section 7502. In support of the motion, respondent attached a postmarked copy of the certified mail list bearing petitioners' names and address, the date on which the notice of determination

was mailed to each petitioner, and the article tracking number of each letter.

On June 2, 2004, we filed petitioners' objection to respondent's motion. Petitioners' objection contained affidavits stating under penalty of perjury that they did not receive the notice of determination until February 20, 2004, and that it was not sent by certified mail. Petitioners contend that the petition was timely filed and that respondent should have produced a signed return receipt from the U.S. Postal Service to prove the date on which petitioners received the notice of determination. Petitioners further argue that "the IRS has already broken the law by denying Petitioners the CDP hearing mandated by law and there should be no time restraint imposed upon a victim who is denied due process mandated by statute."

Respondent filed a reply to petitioners' objection, asserting that because a notice of determination in a collection due process proceeding must be appealed within 30 days of its issuance in order for the Tax Court to have jurisdiction, the date on which petitioners claim to have received the notice of determination is irrelevant to whether the petition was timely filed. Respondent further argues that the notice of determination was complete and valid on its face and was sufficient to start the 30-day period within which petitioners could appeal the determination.

This matter was called for hearing at the Court's trial session in Philadelphia, Pennsylvania, on September 7, 2004. Counsel for both parties appeared at the hearing and presented their positions on the motion to dismiss.

## Discussion

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. When the Appeals Office issues a notice of determination to a taxpayer following a section 6330 hearing, the taxpayer has 30 days following the issuance of the notice to file a petition for review of the determination with the Tax Court or, if the Tax Court lacks jurisdiction over the underlying tax liability, with a Federal District Court. Sec. 6330(d).

The procedures authorized by section 6212(a) and (b) for sending a notice of deficiency apply to the mailing of a notice of determination issued pursuant to section 6330. Weber v. Commissioner, 122 T.C. 258, 261-262 (2004). Section 6212(a) and (b) provides that the Secretary may send a notice of deficiency by certified mail or registered mail to a taxpayer at the taxpayer's last known address. A notice of determination issued in a collection due process case that is mailed in accordance with section 6212(a) and (b) is sufficient to start the 30-day period within which a taxpayer may appeal the determination to

the Tax Court under section 6330(d).  <u>Weber v. Commissioner</u>,
<u>supra</u> at 261-262.

During oral argument on the motion, counsel for petitioners
admitted that petitioners resided at the 70 Maple Avenue address
when respondent mailed the notice of determination, and
petitioners listed it as their current address in their petition.
Moreover, respondent's postal records establish that the notice
of determination was mailed on January 29, 2004, by certified
mail, to the 70 Maple Avenue address.  See <u>id.</u> at 259 & n.3
(postmarked copy of certified mail list sufficient to establish
notice of determination was mailed for purposes of section 6212).
We conclude, therefore, that the notice of determination was
mailed in accordance with section 6212(a) and (b).

The 30-day period for filing an appeal of respondent's
determination with this Court expired on Monday, March 1, 2004.
See sec. 7503.  The petition in this case, however, was mailed to
the Court on March 20, 2004, and was received and filed on March
25, 2004.  Consequently, we conclude that the petition was not
timely filed.

Petitioners' main contention, as we understand it, is that
because the notice of determination was not mailed to them by
certified or registered mail, return receipt requested, the
notice of determination was insufficient to start the 30-day
period for filing a petition.  To support their contention,

petitioners cite section 6330(a)(2), which provides in relevant part that the written notice informing a taxpayer of his right to a section 6330 hearing must be given in person, left at the dwelling or usual place of business of such person, or sent by certified or registered mail, return receipt requested, to the taxpayer's last known address.

Petitioners' reliance on section 6330(a)(2) is misplaced. The requirements of section 6330(a)(2) apply to a notice before levy, which is the notice that advises a taxpayer of his right to request a section 6330 hearing. Section 6330(a)(2) does not apply to a notice of determination issued by the Appeals Office after a section 6330 hearing. In the absence of any provision in section 6330 requiring a notice of determination to be issued in a particular way, the issuance of a notice of determination under section 6330 is adequate if it is done in accordance with section 6212, which contains no provision requiring a U.S. Postal Service return receipt. Section 6212 authorizes the Commissioner to mail a deficiency notice by certified mail or registered mail to the taxpayer's last known address. The record with respect to respondent's motion demonstrates that the section 6212 requirements were met. We conclude, therefore, that the notice of determination mailed to petitioners on January 29, 2004, was sufficient to start the 30-day period for filing a petition in this Court.

We also reject petitioners' argument that the petition should be considered timely filed because they did not receive the notice of determination until February 20, 2004. If a notice of determination issued pursuant to section 6330 is properly mailed to a taxpayer's last known address by certified mail, the date on which the taxpayer actually receives the notice of determination is irrelevant in determining whether a petition appealing that determination was filed within the 30-day period prescribed in section 6330(d). Weber v. Commissioner, supra at 263. Moreover, we note that petitioners actually received the notice by February 20, 2004, approximately 10 days before the 30-day filing deadline. The notice advised petitioners of the time limit to file a timely petition, as required by section 6330(d), and they failed to meet it.

The Court's jurisdiction is statutorily mandated under section 6330, and we may not extend the 30-day period for filing a petition in a levy action where a valid notice of determination has been issued. Weber v. Commissioner, supra at 263. Because we lack jurisdiction to review respondent's determination to proceed with the proposed levy action, we do not address petitioners' argument that respondent failed to comply with the formal procedures, as set forth in section 6330(b) and (c), for conducting a section 6330 hearing.

In light of the foregoing, we shall grant respondent's motion to dismiss this case for lack of jurisdiction.

<u>An appropriate order</u>
<u>of dismissal for lack of</u>
<u>jurisdiction will be entered</u>.