T.C. Summary Opinion 2005-180


UNITED STATES TAX COURT


JESSE R. LANCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18041-04S.            Filed December 7, 2005.


Jesse R. Lance, pro se.

<u>J. Craig Young</u>, for respondent.


WELLS, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 in effect at the time the petition was
filed.  The decision to be entered is not reviewable by any other
court, and this opinion should not be cited as authority.  All
section references are to the Internal Revenue Code, as amended,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction as to income tax preparer penalties assessed pursuant to section 6694. At the time of the filing of the petition, petitioner resided in Georgetown, South Carolina.

On September 9, 2004, respondent's Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that a proposed lien was appropriate with respect to income tax liabilities for petitioner's 1992, 1997, 1998, and 2000 tax years (tax notice). The tax notice identified the liability in issue as follows:

Tax Period(s) Ended:

Form 1040, years 1992, 1997, 1998, 2000

The tax notice provided the following instructions for petitioner to pursue a judicial review of the determination: If you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter.

Also on September 9, 2004, respondent's Appeals Office issued a second Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that a proposed lien was appropriate with respect to petitioner's 1992

and 1993 tax years (penalty notice).  The penalty notice
identified the liability in issue as follows:

Tax Type/Form Number and Tax Period(s) Ended:

Civil Penalties, periods ended 12/31/1992, 12/31/1993

The record reveals that the penalties in issue include income tax
preparer penalties assessed, pursuant to section 6694(a) and (b),
for petitioner's 1992 and 1993 tax years (the preparer
penalties).  The penalty notice provided the following
instructions for petitioner to pursue a judicial review of the
determination:

> If you want to dispute this determination in court, you
> have 30 days from the date of this letter to file a
> complaint in the appropriate United States District
> Court for a redetermination.

Petitioner timely filed a petition with this Court for
judicial review of the determination with respect to the preparer
penalties.[1]  On November 2, 2005, respondent filed the instant
motion to dismiss for lack of jurisdiction as to the preparer
penalties.

Section 6321 provides that if any person liable to pay any
tax neglects or refuses to pay the same after demand, the unpaid
tax shall be a lien in favor of the United States upon all

---

[1]Petitioner filed an amended petition on Oct. 19, 2004.  We
note that petitioner has not challenged in this Court the
determination of respondent's Appeals Office with respect to the
proposed lien related to the income tax liability for
petitioner's 1992, 1997, 1998, and 2000 tax years, as set forth
in the tax notice.

property and rights to property belonging to such person.[2]
Section 6320(a)(1) provides that the Secretary shall notify
persons described in section 6321 of the filing of a notice of
lien.[3] Section 6320(a)(3) provides that such notification shall
inform the person in simple and nontechnical terms of (1) the
amount of the unpaid tax, (2) the right of the person to request
a hearing before an impartial officer of the Commissioner's
Appeals Office, (3) the administrative appeals available to the
taxpayer, and (4) the provisions relating to the release of liens
on property.[4]

---

[2]SEC. 6321. Lien for Taxes.--

If any person liable to pay any tax neglects or refuses to
pay the same after demand, the amount (including any interest,
additional amount, addition to tax, or assessable penalty,
together with any costs that may accrue in addition thereto)
shall be a lien in favor of the United States upon all property
and rights to property, whether real or personal, belonging to
such person.

[3]SEC. 6320(a). Requirement of Notice.--

(1) In General.--The Secretary shall notify in writing
the person described in section 6321 of the filing of a
notice of lien under section 6323.

[4]SEC. 6320(a). Requirement of Notice.--

(3) Information included with notice.--The notice
required under paragraph (1) shall include in simple and
nontechnical terms--

(A) the amount of the unpaid tax;

(B) the right of the person to request a hearing
during the 30-day period beginning on the day after the
(continued...)

The determination of the Commissioner's Appeals Office is subject to judicial review pursuant to section 6330(d)(1).[5] See sec. 6320(c). However, the jurisdiction of this Court to review determinations by the Commissioner's Appeals Office pursuant to section 6320 is limited to actions in which the underlying liability is of a type over which the Court normally has jurisdiction. Sec. 6330(d)(1); Weber v. Commissioner, 122 T.C. 258, 264 (2004); Moore v. Commissioner, 114 T.C. 171, 175 (2000); Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000). "The Tax Court is a court of limited jurisdiction, and we may

---

[4](...continued)
5-day period described in paragraph (2);

(C) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals; and

(D) the provisions of this title and procedures relating to the release of liens on property.

[5]SEC. 6330(d). Proceeding After Hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

exercise our jurisdiction only to the extent authorized by Congress." Moore v. Commissioner, supra at 175. The Court's deficiency jurisdiction generally is limited to the redetermination of income, estate, and gift taxes. See secs. 6211, 6213(a).

As noted above, the liabilities in issue were incurred with respect to income tax preparer penalties assessed pursuant to section 6694(a) and (b) for petitioner's 1992 and 1993 tax years. Section 6694(a) and (b) generally provide that an income tax preparer may be subject to a penalty for preparation of a return on which there is an understatement due to an unrealistic position or due to willful or reckless conduct by the preparer.[6]

---

[6]SEC. 6694. Understatement of Taxpayer's Liability by Income Tax Return Preparer.

(a) Understatements Due to Unrealistic Positions.--If--

(1) any part of any understatement of liability with respect to any return or claim for refund is due to a position for which there was not a realistic possibility of being sustained on its merits,

(2) any person who is an income tax return preparer with respect to such return or claim knew (or reasonably should have known) of such position, and

(3) such position was not disclosed as provided in section 6662(d)(2)(B)(ii) or was frivolous,

such person shall pay a penalty of $250 with respect to such return or claim unless it is shown that there is reasonable cause for the understatement and such person acted in good faith.

(b) Willful or Reckless Conduct.--If any part of any
(continued...)

Section 6696(b) provides that the deficiency procedures that serve as a jurisdictional prerequisite for this Court do not apply with respect to the assessment or collection of income tax preparer penalties assessed pursuant to section 6694:

> SEC. 6696(b). Deficiency Procedures Not to Apply.--Subchapter B of chapter 63 (relating to deficiency procedures for income, estate, gift, and certain excise taxes) shall not apply with respect to the assessment or collection of the penalties provided by sections 6694 and 6695.

Because we lack jurisdiction with respect to the underlying amounts in issue, we lack jurisdiction to review respondent's Appeals Office determination with respect to the collection of those liabilities. Weber v. Commissioner, supra; Moore v. Commissioner, supra; Van Es v. Commissioner, supra. Accordingly, in the instant case, we conclude that this Court lacks jurisdiction to review the determination of respondent's Appeals

---

[6](...continued)
understatement of liability with respect to any return or claim for refund is due--

> (1) to a willful attempt in any manner to understate the liability for tax by a person who is an income tax return preparer with respect to such return or claim, or
>
> (2) to any reckless or intentional disregard of rules or regulations by any such person,

such person shall pay a penalty of $1,000 with respect to such return or claim. With respect to any return or claim, the amount of the penalty payable by any person by reason of this subsection shall be reduced by the amount of the penalty paid by such person by reason of subsection (a).

Office with respect to the collection of income tax preparer penalties assessed pursuant to section 6694.[7]  We have considered all contentions that the parties have raised.[8]  To the extent not addressed herein, those contentions are without merit or unnecessary to reach.

To reflect the foregoing,

An appropriate order
will be entered.

---

[7]In this proceeding, we need not address the issue of whether the penalty notice complied with sec. 6320(a)(3).

[8]In a statement filed as a response to the instant motion to dismiss, petitioner contends that the preparer penalties were the result of the racism of employees of the Internal Revenue Service.  Because this Court lacks jurisdiction with respect to the preparer penalties, we do not address petitioner's contentions.