T.C. Summary Opinion 2007-171


UNITED STATES TAX COURT


MICHAEL EISLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16470-06S.          Filed September 27, 2007.


Michael Eisler, pro se.

<u>Jason M. Kuratnik</u>, for respondent.


CHABOT, <u>Judge</u>:  This matter is before us on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the time prescribed by section 6330(d)[1] or section 7502.  The instant case is a collection case

---

[1]Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for proceedings commenced on the day the petition in the instant case was filed.

brought under section 6330(d), and petitioner requested that proceedings be conducted pursuant to the provisions of section 7463. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The issue for decision is whether the notice of determination was sent to petitioner's last known address.

## Background

When the petition was filed in the instant case, petitioner resided in Philadelphia, Pennsylvania. Petitioner's address in Philadelphia, Pennsylvania, is, and at all times pertinent to the instant proceeding has been, in ZIP Code 19111.

The notice of determination was sent to petitioner by certified mail on June 20, 2006, and addressed to the correct street and number in Philadelphia, but the ZIP Code in the address was shown as 19114. As a result of the U.S. Postal Service's computer-assisted procedures, that notice of determination was processed as though the ZIP Code was 19111. Delivery was attempted, unsuccessfully, on June 23, 2006, and a notice of attempted delivery was left at petitioner's correct address. The notice of determination was returned to respondent as "unclaimed" on July 8, 2006.

Petitioner was hospitalized from about June 10 to about July 20, 2006, and so did not receive the notice of determination.

The petition is dated August 9, 2006, and was received by the Court and filed on August 22, 2006. The envelope in which the petition was enclosed bears a U.S. Postal Service postmark of August 15, 2006.

_____

The notice of determination was sent to petitioner's last known address.

The petition was filed more than 30 days after respondent sent the notice of determination.

### Discussion

Section 6330(d)(1) provides that this Court has jurisdiction to review a determination under section 6330 if the taxpayer appeals "within 30 days of [the] determination".

This Court's jurisdiction in such cases depends on the issuance of a valid notice of determination and the filing of a timely petition for review. Weber v. Commissioner, 122 T.C. 258, 261 (2004).

Section 6330(d) does not specify how the Commissioner is to give notice of a determination under that section. We have held the method that the Congress specifically authorized in subsections (a) and (b) of section 6212 for sending notices of deficiency should suffice for section 6330(d) notices of determination. Id. Accordingly, a section 6330(d) notice of determination is sufficient if it is sent by certified or

registered mail to the taxpayer at the taxpayer's last known address.  Id. at 261-262.  The effect of the "shall be sufficient" language in section 6212(b)(1) is to provide a safe harbor assuring the Commissioner that the notice of deficiency is valid for these purposes even if the notice is not received by the taxpayer before the end of the petition period.  Mulvania v. Commissioner, 81 T.C. 65, 67-68 (1983); Zenco Engineering Corp. v. Commissioner, 75 T.C. 318, 321-322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981).

Because of the Court's concern about jurisdiction, we directed the parties to consider whether respondent's use of an incorrect ZIP Code in addressing the notice of determination affected the validity of the notice of determination.  See Normac, Inc. & Normac International v. Commissioner, 90 T.C. 142, 146-147 (1988).

The unrebutted evidence submitted by respondent is that in the instant case the notice of determination was attempted to be delivered to the correct address and ZIP Code.  The error in the ZIP Code shown on the notice of determination envelope was corrected by the U.S. Postal Service and did not affect the timely attempted delivery of the notice of determination.

Consequently, we find that the notice of determination was sent to petitioner's last known address.

The petition in the instant case was filed on August 22, 2006, more than 30 days after June 20, 2006, the date the notice of determination was sent.  The petition was untimely even taking into account the possible effect of section 7502, relating to timely mailing being treated as timely filing.  The postmark date is August 15, 2006, well past the 30-day period for timely petitions.  This statutory 30-day period is jurisdictional and cannot be extended.  <u>McCune v. Commissioner</u>, 115 T.C. 114 (2000).

Accordingly, the petition was not filed timely, and we must dismiss the petition for lack of jurisdiction.

To reflect the foregoing,

<u>Respondent's motion to dismiss will be granted, and an appropriate order will be entered dismissing the instant case for lack of jurisdiction</u>.