T.C. Memo. 2008-231


UNITED STATES TAX COURT


HENDY J. APPLETON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7954-08L.                    Filed October 20, 2008.


        R mailed a notice of determination to petitioner
on Friday, Feb. 29, 2008.  Thirty-three days later, on
Wednesday, Apr. 2, 2008, P mailed a petition to the
Court seeking to commence a levy action.  Thereafter, R
filed a motion to dismiss for lack of jurisdiction.

        <u>Held</u>:  The petition was not timely filed.

        <u>Held</u>, <u>further</u>, Tax Court Rule 25(a)(2)(C) does not
support a contrary conclusion.



        <u>Brian G. Isaacson</u>, for petitioner.

        <u>Shirley M. Francis</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed May 23, 2008.  In his motion, respondent contends that this case should be dismissed for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6330(d) or section 7502.[1]  On June 23, 2008, petitioner filed a Notice Of Objection to respondent's motion.  Thereafter, on August 25, 2008, respondent filed a Response to petitioner's objection.

At the time that the petition was filed, petitioner resided in the State of Oregon.

Background

The facts necessary to a resolution of respondent's motion are as follows:

On January 4, 2007, respondent sent petitioner a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing in respect of petitioner's outstanding liability for 2000.  See sec. 6330(a).  Petitioner timely requested an administrative hearing, see sec. 6330(b), by filing with respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing.  Ultimately,

---

[1]  All section references are to the Internal Revenue Code of 1986, as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure.

respondent's Appeals Office in Seattle, Washington, sent petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). See sec. 6330(c)(3). The notice of determination was both dated and mailed February 29, 2008, which date was a Friday, and it was sent to petitioner by certified mail addressed to her at her last known address.[2] See Weber v. Commissioner, 122 T.C. 258, 261-262 (2004) (notice of determination is sufficient if sent by certified mail to taxpayer at taxpayer's last known address). The notice of determination sustained the proposed levy.

Petitioner received the notice of determination. Thereafter, on Thursday, April 3, 2008, petitioner, acting through counsel, filed a petition with this Court seeking judicial review of respondent's proposed collection action. The petition arrived at the Court by private delivery service (PDS) pursuant to priority overnight service. See sec. 7502(f). The airbill indicates that the petition had been given to the PDS on Wednesday, April 2, 2008.

---

[2] The record suggests that a copy of the notice of determination was also mailed on Feb. 29, 2008, to petitioner's authorized representative (petitioner's counsel of record in the instant case).

Petitioner's mailing and legal address, as alleged in paragraph 2 of the petition, is the same address as the address to which the notice of determination was mailed.

Discussion

A.  Jurisdiction: General Principles

The Tax Court is a court of limited jurisdiction.  See sec. 7442.  Accordingly, we may exercise jurisdiction only to the extent expressly authorized by statute.  Breman v. Commissioner, 66 T.C. 61, 66 (1976).

In a collection review action involving a proposed levy, this Court's jurisdiction under section 6330 depends on the issuance of a notice of determination by respondent's Office of Appeals and the filing by the taxpayer of a timely petition. Sec. 6330(d)(1); Weber v. Commissioner, supra at 261; Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see Rule 330(b).  See generally Rules 330-334.

If respondent's Office of Appeals issues a valid notice of determination to a taxpayer but the taxpayer fails to file a timely petition, then the Court will (and must) dismiss the action for lack of jurisdiction.  Weber v. Commissioner, supra at 262.

B.  Respondent's Position

Respondent asserts (and petitioner does not dispute) that respondent's Seattle Appeals Office sent petitioner the notice of determination by certified mail on Friday, February 29, 2008, and that the notice of determination was addressed to petitioner at her last known address.  Respondent then points to section 6330(d)(1), which permits a taxpayer to appeal respondent's determination to this Court "within 30 days" of such determination.  Respondent contends that because the notice of determination was mailed on February 29, 2008, petitioner was obliged to file her petition with the Court no later than Monday, March 31, 2008.[3]  Because the petition was not filed with the Court until Thursday, April 3, 2008, and further because the petition was not given to the PDS for mailing to the Court until Wednesday, April 2, 2008, see sec. 7502(f), respondent concludes that the instant case must be dismissed for lack of jurisdiction.

C.  Petitioner's Position

Petitioner agrees that an untimely-filed petition must be dismissed for lack of jurisdiction.  However, relying generally on Rule 25(a) and specifically on Rule 25(a)(2)(C), petitioner

---

[3]  March 30, 2008, was the 30th day after the mailing of the notice of determination; however, that date was a Sunday. Accordingly, in respondent's view, the petition was not due until the following business day.  See sec. 7503 (regarding the time for performance of acts where the last day otherwise falls on a Saturday, Sunday, or legal holiday).

contends that the petition was timely filed.  Thus, in her Notice

of Objection, petitioner argues as follows:

> Tax Court Rule 25(a)(1) Computation of Time states, "If service is made by mail, then a period of time computed with respect to the service shall begin on the day after the date of mailing."  In this case, the Notice of Deficiency [sic] was mailed on Friday, February 29, 2008, the period of time would not begin until Saturday, March 1, 2008.

> Tax Court Rule 25(a)(2)(C) states, "if any act is required to be taken or completed no later than (or at least) a specified number of days before a date certain, then the earliest day of the period so specified <u>shall not be included [if] it is a Saturday, Sunday,</u> or a legal holiday in the District of Columbia, and the earliest such day shall be the next preceding day which is not a Saturday, Sunday, or such a legal holiday."  Therefore, Saturday, March 1, 2008 and Sunday, March 2, 2008 are not included in the time computation.  Therefore, the earliest day from which the time period begins is Monday, March 3, 2008.

Petitioner then observes that 30 days from March 3, 2008, is

April 2, 2008.  Ergo, petitioner concludes, the petition was

timely mailed and therefore timely filed.  See sec. 7502(f).

D.  <u>Analysis</u>

The parties agree (as do we) that the section that defines

our jurisdiction in a case such as the instant one is section

6330(d)(1).  Accordingly, we begin with that section.  Section

6330(d)(1) provides as follows:

SEC. 6330(d).  Proceeding After Hearing.--

> (1) Judicial Review Of Determination.--The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

In the present case, the "person" in section 6330(d)(1) is petitioner and the "determination" is the notice of determination issued by respondent's Seattle Appeals Office. That determination was made on Friday, February 29, 2008, the date stamped on the notice of determination and the date on which it was sent by certified mail to petitioner. Thus, petitioner was obliged to "appeal", i.e., file a petition with this Court, "within 30 days" of Friday, February 29, 2008. See Rule 331(a) (providing in relevant part that a levy action under section 6330(d) "shall be commenced by filing a petition with the Court"). The last date "within 30 days" of Friday, February 29, 2008, was March 30, 2008, but because that date was a Sunday, the last day to file a petition was instead Monday, March 31, 2008. See sec. 7503. Therefore, because the petition was neither filed nor mailed "within 30 days" of the determination, respondent's motion must be granted and this case must be dismissed for lack of jurisdiction.

Petitioner incorrectly interprets certain provisions of Rule 25. A proper application of those provisions yields the same result as that reached in the preceding paragraph, i.e., that respondent's motion must be granted and this case must be dismissed for lack of jurisdiction.

Rule 25 is concerned with the computation of time.  Rule 25(a)(1) sets forth the general rule, and in its entirety provides as follows:

> In computing any period of time prescribed or allowed by these Rules or by direction of the Court <u>or by any applicable statute which does not provide otherwise</u>, the day of the act, event, or default from which a designated period of time begins to run shall <u>not</u> be included, and (except as provided in subparagraph (2)) the last day of the period so computed <u>shall</u> be included.  If service is made by mail, then a period of time computed with respect to the service shall begin on the day after the date of mailing.  [Emphasis added.]

As applicable to the present case, Rule 25(a)(1) would dictate that the "within 30 days" period prescribed by the applicable statute (i.e., section 6330(d)(1)) began to run on Saturday, March 1, 2008, i.e., the day after the mailing of respondent's notice of determination on February 29, 2008.  See <u>Appiah v. Commissioner</u>, T.C. Memo. 1996-170.

Rule 25(a)(1) includes an exception, so we must necessarily consult Rule 25(a)(2), which deals with weekends (i.e., Saturdays and Sundays) and holidays.  In its entirety, Rule 25(a)(2) provides as follows:

> <u>Saturdays, Sundays</u>, and all legal holidays <u>shall be counted</u>, except that, (A) if the period prescribed or allowed is less than 7 days, then intermediate Saturdays, Sundays, and legal holidays in the District of Columbia shall be excluded in the computation; (B) if the last day of the period so computed is a Saturday, Sunday, or a legal holiday in the District of Columbia, then that day shall not be included and the period shall run until the end of the next day which is not a Saturday, Sunday, or such a legal holiday; and (C) if any act is required to be taken or completed no

> later than (or at least) a specified number of days
> <u>before</u> a date certain, then the earliest day of the
> period so specified shall not be included if it is a
> Saturday, Sunday, or a legal holiday in the District of
> Columbia, and the earliest such day shall be the next
> preceding day which is not a Saturday, Sunday, or such
> a legal holiday.  When such a legal holiday falls on a
> Sunday, the next day shall be considered a holiday;
> and, when such a legal holiday falls on a Saturday, the
> preceding day shall be considered a holiday.  [Emphasis
> added.]

Thus, Rule 25(a)(2) begins with the general rule that Saturdays
and Sundays, as well as legal holidays, are counted in computing
time.  See <u>Appiah v. Commissioner</u>, <u>supra</u>.  However, Rule 25(a)(2)
sets forth three exceptions to this general rule.

The first exception, embodied in Rule 25(a)(2)(A), is
irrelevant to the present case because the applicable statute,
i.e., section 6330(d)(1), specifies a 30-day period of time to
file a petition.  The exception applies only if the period
prescribed or allowed is less than 7 days.

The second exception, embodied in Rule 25(a)(2)(B), <u>is</u>
relevant, but essentially does nothing (in the context of the
present case) other than echo the provisions of section 7503,
which we have already mentioned.  See <u>Bass v. Commissioner</u>, T.C.
Memo. 1991-213, affd. without published opinion 976 F.2d 736 (9th
Cir. 1992).

The third exception, embodied in Rule 25(a)(2)(C), is the
exception that petitioner invokes and upon which her objection to
respondent's motion solely rests.

The rationale for Rule 25(a)(2)(C) appears in the Court's Rules Committee Note to the amendment of Rule 25(a) in 1989. 93 T.C. 821, 861. The two pertinent paragraphs of that Note provide as follows:

> Paragraph (a) of Rule 25 is amended in order to clarify the computation of time when the relevant period extends <u>back in time from a given point</u>, <u>rather than forward</u>, and the earliest day of that period is a Saturday, Sunday, or legal holiday in the District of Columbia. Thus, for example, Rule 70(a)(2) generally requires that discovery shall be completed "no later than" 45 days <u>before</u> the date set for call of the case from a trial calendar. Similarly, Rule 143(f) generally requires that an expert witness report be furnished to the other party and submitted to the Court "not later than" 30 days <u>before</u> the call of the trial calendar on which the case appears. So, if a case had been calendared for trial at a session beginning on Monday, October 31, 1988, then Rule 143(f) requires that any expert witness report should have been served and submitted "not later than" October 1, 1988. However, since that date is a Saturday, Rule 25(a) requires that the report should have been served and submitted "not later than" the next preceding business day, or Friday, September 30, 1988. A report served and submitted on Monday, October 3, 1988, would therefore have been untimely. [Emphasis added.]

> \*  \*  \*  \*  \*  \*  \*

> Finally, paragraph (a) is amended by restructuring it into three subparagraphs in order to more clearly reflect its content.

Thus, it is readily apparent that Rule 25(a)(2)(C) constitutes a look-back provision that is applicable <u>only</u> when an act or event must be completed a certain number of days <u>before</u> a date certain. Accordingly, Rule 25(a)(2)(C) does not apply to the present case because the statutory period for filing a

petition begins with an Appeals Office determination and extends _forward_ in time, _not_ back in time.

E.  _Conclusion_

Section 6330(d)(1) requires that we compute the 30-day filing period starting with the February 29, 2008 determination and that we necessarily compute that period forward in time, not back in time.  Rule 25(a)(1) specifies that the first day in the 30-day filing period was Saturday, March 1, 2008, i.e., the day after the mailing of the notice of determination on February 29, 2008.  Rule 25(a)(2) provides that Saturdays and Sundays _shall_ be included in computing time; however, the exception embodied in Rule 25(a)(2)(B), echoing the provisions of section 7503, makes clear that the final Sunday, being the 30th and otherwise last day, should not be counted and that Monday, March 31, 2008, should instead be the last day of the statutory filing period. As the petition was both filed and mailed after the expiration of the statutory filing period, the petition was not timely filed and this case must be dismissed for lack of jurisdiction.  _Weber v. Commissioner_, 122 T.C. at 262.

To give effect to the foregoing,

<u>An Order Of Dismissal For Lack Of</u> <u>Jurisdiction will be entered granting</u> <u>respondent's motion and dismissing this</u> <u>case on the ground that the petition was</u> <u>not timely filed</u>.