12-4768-ag
*Kaplan v. Comm'r of Internal Revenue*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> > *Circuit Judge,*
> ANDREW L. CARTER, JR.
> > *District Judge.* [*]

---

Chany R. Kaplan,

> *Petitioner-Appellant*,

> v.                                                            12-4768-ag

Commissioner of Internal Revenue,

> *Defendant-Appellee*.

---

FOR PETITIONER-APPELLANT**:**          Chany R. Kaplan, *pro se*, Brooklyn, N.Y.

---

[*]Judge Andrew L. Carter, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLEE:   Kenneth Greene and Laurie A. Snyder, for Kathryn Keneally, Assistant Attorney General, United States Department of Justice, Tax Division, Washington, D.C.

Appeal from an order of the United States Tax Court (Thornton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the Tax Court is **AFFIRMED**.

Appellant Chany R. Kaplan, proceeding *pro se*, appeals from the United States Tax Court's order dismissing her appeal of her tax levy determination for lack of jurisdiction because the appeal was untimely filed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a tax court's conclusions of law *de novo*, its findings of fact for clear error, and its application of its procedural rules for abuse of discretion. *Sunik v. Comm'r of Internal Revenue*, 321 F.3d 335, 337 (2d Cir. 2003); 26 U.S.C. § 7482(a)(1) (tax court decisions reviewed in same manner as decisions from district courts in civil cases). A petition challenging a tax court's tax levy determination must be filed with the tax court within thirty days of the issuance of the determination. *See* 26 U.S.C. § 6330(d)(1); *Weber v. Comm'r of Internal Revenue*, 122 T.C. 258, 261 (2004). Notice of a tax levy determination is sufficient–and the 30-day appeal period begins–when notice is sent by certified mail to a taxpayer's last known address. *See Weber*, 122 T.C. at 261-62. A tax court's jurisdiction depends upon the issuance of a valid notice of determination and the filing of a timely petition for review. *See id.* at 261.

An independent review of the record and relevant case law reveals no error in the tax court's dismissal of Kaplan's appeal of her tax levy determination. Kaplan concedes that notice

2

of a tax levy determination is considered to be sufficient if it is sent by certified mail to a taxpayer's last known address. Her sole argument on appeal is that we should find that the notice sent to her by certified mail was invalid because she did not receive actual notice. This argument is unavailing, as we have rejected the proposition that, in addition to proper mailing of notice by the Internal Revenue Service ("IRS") to a taxpayer's last known address, the taxpayer must actually receive notice. *See Tadros v. Comm'r of Internal Revenue*, 763 F.2d 89, 91 (2d Cir. 1985) (noting that, although mailing notice to a taxpayer's last known address may not always provide actual notice to the taxpayer, this allowance for constructive notice protects the Internal Revenue Service from the overwhelming administrative burden of ascertaining each taxpayer's exact address at any given time); *see also Follum v. Comm'r of Internal Revenue*, 128 F.3d 118, 120 (2d Cir. 1997) ("Whether or not the notice is actually received by the taxpayer, the [statutorily-prescribed time] period [for challenging income tax deficiencies] begins upon a proper mailing by the IRS.").

We have considered Kaplan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the Tax Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3