**Cynthia Pate BESSELMAN and James M. Besselman, Jr., Appellants**

v.

**COMMISSIONER OF INTERNAL REVENUE Service, Appellee.**

**No. 13–1284.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 12, 2014.

Henry L. Klein, Law Office of Henry L. Klein, New Orleans, LA, for Appellants.

Curtis Clarence Pett, Robert W. Metzler, U.S. Department of Justice, Washington, DC, for Appellee.

Before: GRIFFITH and PILLARD, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

This case was considered on the record from the Tax Court and on the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the Tax Court's August 14, 2013, order dismissing appellants' claim for lack of jurisdiction be **AFFIRMED.**

On April 15, 2013, appellants Cynthia and James Besselman filed a petition in the United States Tax Court requesting a declaratory judgment entitling them to amend their 2008, 2009, and 2010 tax returns to allow for income-averaging and other benefits available to the agricultural industry. They stated that the Tax Court had jurisdiction under Tax Court Rules 13(b) and 20(a) as well as under 28 U.S.C. §§ 1330 and 1331. The Tax Court dismissed their complaint for lack of subject-matter jurisdiction. We affirm.

"The Tax Court is a court of limited jurisdiction and lacks general equitable powers." *Comm'r v. McCoy,* 484 U.S. 3, 7, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987) (citing *Comm'r v. Gooch Milling & Elevator Co.,* 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139 (1943)). Congress provided that limited jurisdiction in Title 26 of the United States Code (the Internal Revenue Code, or I.R.C.), which is the sole source of the Tax Court's authority. *See* I.R.C. § 7442. The I.R.C. creates two common "tickets to the Tax Court": challenges either to a notice of deficiency under I.R.C. § 6213(a) or to a notice of determination under I.R.C. § 6330. *See Laing v. United States,* 423 U.S. 161, 206, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976) (internal quotation and citation omitted); *Weber v. Comm'r,* 122 T.C. 258, 263, 2004 WL 551144 (2004) (internal quotation and citation omitted). The Tax Court also has jurisdiction over requests for declaratory judgment in some narrow cases. *See* I.R.C. §§ 6234, 7428, 7476; *see also* Tax Court Rules 210, 310.

The I.R.S. did not issue a notice of deficiency or determination to the Besselmans. Nor do the Besselmans contend that any of the Tax Court Rules that grant

that court jurisdiction for declaratory judgment if a claim meets certain, narrow conditions apply to their present request. Instead, they argue that Tax Court Rules 13(b) and 20(a) create jurisdiction over their claims.. Neither does. Rule 13(b) merely states that the jurisdictional requirements for declaratory actions are found elsewhere in the Rules, such as in Rule 210. Rule 20(a) describes how to initiate an action for declaratory judgment but does not provide jurisdiction for such actions. No Tax Court Rule creates jurisdiction for the Tax Court to grant declaratory judgment regarding the use of income-averaging on a tax return. *Cf.* Tax Court Rules 210, 310 (granting jurisdiction for declaratory judgment in other, unrelated instances). Congress's prescribed boundaries on the Tax Court's jurisdiction thus bar that court from providing the relief the Besselmans request.

The Besselmans also contend that 28 U.S.C. §§ 1330 and 1331 provide the Tax Court with jurisdiction over their petition. Both statutes, however, provide jurisdiction only to "district courts." The Tax Court is not a district court. *See* 28 U.S.C. § 451 (defining "district court" as "courts constituted by Chapter 5 of this title"); 28 U.S.C. Pt. 1, Ch. 5 (omitting any mention of the United States Tax Court). Thus, neither § 1330 nor § 1331 provides the Tax Court with jurisdiction over any claim, including the Besselmans'.

Finally, the Besselmans request that this court transfer the case to the United States District Court for the District of Columbia if we find that the Tax Court did indeed lack jurisdiction. But the Besselmans forfeited this request by failing to make it in the first instance before the Tax Court. *See Flynn v. Comm'r,* 269 F.3d 1064, 1068–69 (D.C.Cir.2001) ("Generally, an argument not made in the lower tribunal is deemed forfeited and will not be entertained absent 'exceptional circum-stances.'" (citing *Marymount Hosp. Inc. v. Shalala,* 19 F.3d 658, 663 (D.C.Cir. 1994))). We therefore refuse to consider that request now.

Our ruling does not leave the Besselmans without any avenues of relief. If the IRS tries to collect the balance of the Besselmans' tax liabilities through a lien or levy, the couple can pursue administrative remedies under I.R.C. § 6320 or § 6330. Alternatively, they can pay the balance of their liability and then file an administrative claim for a refund under Treas. Reg. § 301.6402–2. They are thus not left without any remedy—just without the remedy they currently seek.

Because the Tax Court lacks jurisdiction to hear the Besselmans' claim, we affirm its decision dismissing their complaint.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).