Isaiah ISRAEL, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 03–3497.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 20, 2004.*

Decided Feb. 23, 2004.

Isaiah Israel, pro se, Chicago, IL, for Petitioner–Appellant.

Sara Ann Ketchum, Department of Justice, Washington, DC, for Respondent–Appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

ORDER

Isaiah Israel filed federal income tax returns for calendar years 1995 and 1996 but has never paid the tax due. Instead, when the Internal Revenue Service notified Israel in late 2001 of its intention to initiate a collection action, Israel brought suit in the United States Tax Court, *see* 26 U.S.C. §§ 6330(d)(1), 7502(a), challenging the IRS's collection procedures. The tax court held that the IRS had properly begun collection proceedings for 1995 and 1996, and imposed sanctions on Israel for making frivolous arguments. Israel appeals, and we affirm.

The parties have stipulated to the facts leading up to Israel's administrative hearing. In April 1999 the Commissioner of Internal Revenue mailed Israel a "30–day letter" informing him that the IRS had no record of income tax returns from him for 1994, 1995, or 1996. In response Israel submitted returns calculating tax liability in excess of withholding for each of those years, but did not send any payment. The IRS rejected Israel's return for 1994 because it purported to be a "joint return" with his then-spouse despite the fact that she had already filed separately for that year. The 1995 and 1996 returns were accepted and processed, and in February and March 2000, respectively, the IRS mailed Israel notices of the amounts due for those years. The IRS never sent Isra-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

el a "notice of deficiency" for any of the three years.

In April 2000 Israel submitted amended returns for 1994, 1995, and 1996. He reported zero income for each year and claimed a refund of all withholding. In an attachment to each return, he argued that the term "income" includes only corporate profits, and that no section of the Internal Revenue Code applies to him. The IRS did not accept or process these amended returns.

In May 2000 the IRS notified Israel of its intent to impose a levy on his property to satisfy his tax debts for 1994 through 1996. Israel requested an administrative hearing before an appeals officer, and argued that no valid assessment of his tax liability had ever been made. He also argued that he had never received a valid "notice and demand" for payment or "deficiency notice" for the years in question. At the hearing the appeals officer reviewed Israel's case file and the IRS's electronic records of assessments and notices, and determined that the IRS had met its procedural obligations, including its obligation to send notices. In November 2001 the Appeals Office mailed Israel a notice of its determination that the collection action against him would go forward.

Israel petitioned for review in the tax court, where he continued to contend that the IRS had not proven that it had sent him notices of deficiency or that the notices the agency did send were "statutory." Although he admitted receiving notice by mail of the amounts due, he argued that any notice had to be on "Form 17" and signed by the Secretary of the Treasury to be valid. Israel admitted to earning the income listed on his initial returns from 1995 and 1996, but denied having any tax liability. He also argued that his hearing before the appeals officer had not been in accordance with required procedure. The court warned Israel that his legal arguments were frivolous and that sanctions were likely if he continued to advance them. Israel nevertheless took the stand at trial and continued to expound on these legal theories. The tax court then ruled, pursuant to a stipulation by the IRS, that the effort to collect for 1994 had been improper because Israel had never filed a return and the IRS had never sent him a "notice of deficiency." But Israel's liabilities for 1995 and 1996 had been assessed based on filed returns, so as to these years the tax court held that the IRS could proceed with collection. Finally, the tax court sanctioned Israel $1500 for continuing to make frivolous arguments.

On appeal Israel argues that the assessments of his taxes for the years 1995 and 1996 were invalid because the IRS did not send him notices of deficiency before assessing the taxes. However, the IRS is not required to send a notice of deficiency unless it is imposing a tax in excess of the amount shown on a taxpayer's return. 26 U.S.C. §§ 6211–12; *Jones v. C.I.R.*, 338 F.3d 463, 466 (5th Cir.2003); *see also Murray v. C.I.R.*, 24 F.3d 901, 903 (7th Cir. 1994). Because Israel has conceded that the IRS assessed his 1995 and 1996 taxes "per return," he was not entitled to a notice of deficiency for either year. Similarly, Israel contends that the notices and demands for payment that were sent to him were not valid because they were not on a "Form 17." However, the IRS is not required to use any particular form to effect notice, so long as it states the amount of the tax and demands payment. 26 U.S.C. § 6303; *Jones*, 338 F.3d at 466. Israel also contends that the notices had to be sent by the Secretary of the Treasury to be valid, but the Secretary's authority to send notices extends to his delegates, including the employees of the IRS. 26

U.S.C. §§ 6303, 7701(a)(11)(B), 7701(a)(12)(A)(I); *see also United States v. Crum*, 288 F.3d 332, 333 (7th Cir.2002) (statutory definition of "Secretary" includes IRS employees). In short, Israel received the notice to which he was entitled.

Israel also requests that we overturn the sanctions the tax court imposed on him under 26 U.S.C. § 6673 for making frivolous arguments. Aside from this request, however, he does not discuss this issue in his brief, so we deem it waived. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 529 (7th Cir.2003). We do note, however, that the tax court warned Israel several times that his arguments did not have any basis in law, and that sanctions were possible. We have upheld even larger sanctions under similar circumstances. *See Johnson v. C.I.R.*, 289 F.3d 452, 456 (7th Cir.2002).

The Commissioner has also moved for sanctions against Israel under Rule 38 of the Federal Rules of Appellate Procedure for filing a frivolous appeal. This motion is denied, but we warn Israel that future frivolous litigation will result in sanctions.

AFFIRMED.