PATRICIA A. MOOSALLY, PETITIONER *v*. COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 6539–12L.          Filed March 27, 2014.

R rejected P's OIC for P's trust fund recovery penalties for
the periods ending Mar. 31 and Sept. 30, 2000, and P's income
tax liability for her 2008 tax year. P appealed R's rejection,
and R assigned Appeals Officer S to review P's OIC. R also
filed an NFTL for P's tax liabilities in issue and issued a
Letter 3172. P requested a CDP hearing pursuant to I.R.C.
sec. 6320, and R assigned Appeals Officer K to conduct P's
CDP hearing. After Appeals Officer S had initiated review of
P's OIC, R transferred P's CDP case from Appeals Officer K
to Appeals Officer S. Appeals Officer S sustained R's rejection
of P's OIC and sustained R's filing of the NFTL. P petitioned
for review, contending that the CDP hearing was improper
because Appeals Officer S was not an impartial officer pursu-
ant to I.R.C. sec. 6320(b)(3). *Held*: Appeals Officer S was not
an impartial officer pursuant to I.R.C. sec. 6320(b)(3) and sec.
301.6320–1(d)(2), Proced. & Admin. Regs. *Held*, *further*, P is
entitled to a new CDP hearing before an impartial Appeals
Officer.

*Michael E. Breslin*, for petitioner.
*Marissa J. Savit*, for respondent.

WELLS, *Judge*: Petitioner seeks review, pursuant to section
6320, of respondent's determination to proceed with collec-
tion of petitioner's unpaid trust fund recovery penalty liabil-
ities for periods ending March 31 and September 30, 2000,
and also petitioner's Federal income tax liability for her 2008
tax year.[1] The issues we have been asked to decide are: (1)
whether the Internal Revenue Service (IRS) Appeals Office
settlement officer to whom petitioner's case and hearing were
assigned was an impartial officer pursuant to section

---

[1] Unless otherwise indicated, section and Internal Revenue Code ref-
erences are to the Internal Revenue Code of 1986, as amended and in ef-
fect at all relevant times, and Rule references are to the Tax Court Rules
of Practice and Procedure.

183

6320(b)(3), and (2) if she was an impartial officer, whether respondent may proceed with collection of petitioner's unpaid tax liabilities in issue.

### FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The parties' stipulated facts and the attached exhibits are incorporated in this Opinion by reference and are found accordingly. At the time of filing the petition, petitioner resided in Ohio.

On November 29, 2001, petitioner signed Form 2751, Proposed Assessment of Trust Fund Recovery Penalty, and consented to the assessment and collection of trust fund recovery penalties (TFRPs) pursuant to section 6672 of $22,789.42 for the period ending March 31, 2000, and of $14,859.16 for the period ending September 30, 2000. On March 18, 2002, respondent assessed against petitioner TFRPs in the amounts listed above.

Additionally, with respect to petitioner's 2008 tax year, respondent sent to petitioner, on December 7, 2009, Notice CP2000 proposing an increase in petitioner's Federal income tax of $2,150. After receiving the Notice CP2000, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, reporting the previously undeclared income for her 2008 tax year. On March 23, 2010, respondent assessed against petitioner the $2,150 tax increase for her 2008 tax year.

On June 21, 2010, petitioner submitted to respondent a completed Form 656, Offer in Compromise (OIC), with attached Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, proposing to compromise for $200 her unpaid tax liabilities arising out of TFRPs assessed against her for the tax periods ending March 31 and September 30, 2000. Petitioner requested that her OIC be accepted under "doubt as to collectibility" criteria and claimed that she had insufficient assets and income to pay the full amount owed.

On March 12, 2011, the IRS Centralized OIC Unit (COIC Unit) sent petitioner a letter confirming receipt of her OIC. From March to May 2011, acting through letters and telephone calls, the COIC Unit requested and petitioner provided

additional information, substantiation, and explanation of the representations that petitioner set forth on her OIC and Form 433–A. At a point during their communication, the COIC Unit and petitioner discussed petitioner's unpaid income tax liability for her 2008 tax year and included that liability among the outstanding amounts that petitioner was seeking to settle through her OIC. On May 31, 2011, respondent rejected petitioner's OIC because the COIC Unit calculated petitioner's reasonable collection potential to be $34,497.88. The COIC Unit also recommended that respondent file a notice of Federal tax lien (NFTL) with respect to petitioner's unpaid tax liabilities.

On June 28, 2011, petitioner appealed to the Appeals Office the rejection of her OIC, listing her income tax liability for her 2008 tax year in addition to the TFRPs for the periods ending March 31 and September 30, 2000, as the liabilities and tax periods involved with the appeal (periods in issue). Petitioner also sent the Appeals Office a letter with additional documents and information to support her OIC and to inform the Appeals Office that her circumstances had changed and that she had lost her job. The Appeals Office confirmed receipt of petitioner's appeal of her rejected OIC and informed petitioner that Settlement Officer Barbara Smeck had been assigned to her case.

On July 12, 2011, respondent filed an NFTL for the periods in issue and mailed to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. The Letter 3172 informed her that she had a right to a collection due process (CDP) hearing and that she had to request a CDP hearing by August 18, 2011. Petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, on July 27, 2011, to request a CDP hearing with respect to her unpaid tax liabilities for the periods in issue. On Form 12153, petitioner requested that the Appeals Office discuss collection alternatives and withdraw the NFTL. Settlement Officer Donna Kane was assigned to review petitioner's case and to provide her with her CDP hearing.

Ms. Smeck sent petitioner a letter on August 25, 2011, requesting that she submit, by September 26, 2011, additional financial information and substantiation, as well as an updated Form 433–A. Petitioner responded to Ms. Smeck's

request on September 25, 2011, and provided her with financial information and some of the other requested documents. Petitioner later sent to Ms. Smeck additional documentation to support her OIC.

On September 29, 2011, Ms. Kane informed petitioner that her CDP case and hearing would be reassigned because petitioner had already submitted an OIC that was under consideration. Petitioner's CDP case and hearing request were transferred from Ms. Kane to Ms. Smeck, who was at that time reviewing petitioner's appeal of her rejected OIC.

During November 2011, Ms. Smeck reviewed petitioner's rejected OIC and the financial information she had submitted and also called petitioner to discuss her issues with her CDP hearing and the option of placing her account in "currently not collectible" status.

On February 7, 2012, respondent issued two Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notices of determination), one with respect to petitioner's income tax liability for her 2008 tax year and the other with respect to the TFRPs for the periods ending March 31 and September 30, 2000. In the notices of determination, respondent sustained the filing of the NFTL and the rejection of petitioner's OIC for the periods in issue. On March 9, 2012, petitioner timely petitioned this Court for review of respondent's notices of determination.

## OPINION

Pursuant to section 6321, the Federal Government obtains a lien against "all property and rights to property, whether real or personal" of any person liable for Federal tax upon demand for payment and failure to pay. *See Iannone v. Commissioner*, 122 T.C. 287, 293 (2004). However, section 6320(a)(1) requires the Commissioner to give a taxpayer written notice of the filing of a notice of Federal tax lien upon that taxpayer's property. The notice of filing must inform the taxpayer of the right to request a hearing in the Commissioner's Appeals Office. [2] Sec. 6320(a)(3)(B), (b)(1).

_____

[2] Respondent made petitioner aware of her right to a CDP hearing when he sent petitioner the Letter 3172 on July 12, 2011. Petitioner properly requested a CDP hearing by submitting a Form 12153 on July 27, 2011.

Section 6330(c), (d) (other than paragraph (2)(B) thereof ), and (e) governs the conduct of a hearing requested under section 6320. Sec. 6320(c). At the hearing, the taxpayer may raise any relevant issues including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may challenge the underlying tax liability at the hearing only if the taxpayer did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals Office must also verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3).

If a taxpayer requests a hearing in response to an NFTL pursuant to section 6320, a hearing must be conducted by an impartial officer or employee of the Appeals Office.[3] Sec. 6320(b)(1), (3). An impartial officer or employee is one who has had no prior involvement with respect to the unpaid tax specified in section 6320(a)(3)(A) before the first hearing under section 6320 or section 6330. *Id.* Although the Internal Revenue Code does not define the term "no prior involvement", *see Harrell v. Commissioner*, T.C. Memo. 2003–271, 2003 WL 22137919, at *7, the Commissioner has promulgated regulations interpreting that term. Section 301.6320–1(d)(2), A–D4, Proced. & Admin. Regs., provides: "Prior involvement by an Appeals officer or employee includes participation or involvement in a matter (other than a CDP hearing held under either section 6320 or section 6330) that the taxpayer may have had with respect to the tax and tax period shown on the CDP Notice."[4]

---

[3] Pursuant to sec. 6320(b)(3), a taxpayer may waive the impartial officer requirement. *See also* sec. 301.6320–1(d)(2), A–D5, Proced. & Admin. Regs. In the instant case, the administrative record does not contain a completed and signed Form 14041, Waiver for Right to Request a New Settlement/ Appeals Officer Under Section 6320 and/or 6330, and petitioner asserts that she did not sign any such waiver. Moreover, respondent does not contend that petitioner waived the requirements of sec. 6320(b)(3). *See* Rules 40, 331(b). Accordingly, we conclude that petitioner has not waived the sec. 6320(b)(3) impartial officer requirement.

[4] Sec. 301.6320–1(d)(2), A–D4, Proced. & Admin. Regs., also provides that "[p]rior involvement exists only when the taxpayer, the tax and the

Continued

Petitioner contends that Ms. Smeck was not an impartial officer because she reviewed petitioner's appeal of her rejected OIC for the periods in issue before conducting petitioner's CDP hearing for the same periods in issue. Petitioner contends that the CDP hearing was improper pursuant to section 6320(b)(3) and requests that we remand her case to the Appeals Office to properly reconsider the NFTL and petitioner's collection alternatives. Respondent, on the other hand, contends that Ms. Smeck was an impartial officer because she had not yet issued a determination and that there is no "prior" involvement when a reviewing officer has not made any determination with respect to the previously rejected OIC. Moreover, respondent contends that section 6320 contemplates simultaneous review of all issues related to collections during the CDP hearing and that a simultaneous review benefits taxpayers. [5]

In support of her contention, petitioner cites *Cox v. Commissioner*, 514 F.3d 1119 (10th Cir. 2008), *rev'g* 126 T.C. 237 (2006). Respondent contends *Cox* involved facts different from those before us. We agree with respondent that the facts of *Cox* are distinguishable. In *Cox* the taxpayers requested a CDP hearing regarding a proposed levy pursuant

tax period at issue in the CDP hearing also were at issue in the prior non-CDP matter, and the Appeals officer or employee actually participated in the prior matter." We note, however, that at least one Federal court has stated that the provision is invalid. *See Cox v. Commissioner*, 514 F.3d 1119, 1127 n.10 (10th Cir. 2008), *rev'g* 126 T.C. 237 (2006). We also note that the provision does not affect the instant case, which, as we explain below, involves a taxpayer, tax, and tax periods that were at issue in both the CDP hearing and a prior non-CDP proceeding and an Appeals officer that participated in both matters.

[5] Petitioner also claims that "Ms. Smeck's mind was already made up," and each party claims that the other was disagreeable or uncooperative and acted in bad faith. We have previously suggested that sec. 6320(b)(3) does not entail a challenge to the objectivity of the officer who presides over the CDP hearing. *See Criner v. Commissioner*, T.C. Memo. 2003–328, 2003 WL 22843085, at *9. We have, however, examined the issue of officer prejudice in some instances. *See, e.g.*, *Cox v. Commissioner*, 126 T.C. at 253–254; *Criner v. Commissioner*, 2003 WL 22843085, at *9. Because we conclude that Ms. Smeck was not an impartial officer pursuant to sec. 6320(b)(3) because of her prior involvement with petitioner's OIC for the same taxes and periods in issue, it is unnecessary to reach the question of Ms. Smeck's alleged prejudice or bias, and we do not further address that issue.

to section 6330 for unpaid tax liabilities relating to their 2000 tax year. *Id.* at 1121. The Appeals officer assigned to the taxpayers' case then informed the taxpayers that they would need to file all outstanding tax returns to be considered for collection alternatives. *Id.* The taxpayers ultimately submitted tax returns for their 2001 and 2002 tax years without paying the corresponding tax liabilities. *Id.* at 1121–1122. The Appeals officer reviewed the information provided, including the 2001 and 2002 tax returns, and observed that "the taxpayers reported a 2002 tax liability of $146,460 but made only $1,000 in estimated payments, notwithstanding the fact that they earned almost $100,000 in net income during the first seven months of 2003." *Id.* at 1122. On the basis of that observation, the Appeals officer concluded that the taxpayers could make payments toward their outstanding tax liability, determined that the taxpayers were not eligible for the collection alternative, and issued a notice of determination sustaining the proposed levy. *Id.* Meanwhile, the Commissioner issued another notice of intent to levy for the taxpayers' unpaid tax liabilities for their 2001 and 2002 tax years. *Id.* The taxpayers requested another CDP hearing to discuss the levy relating to their 2001 and 2002 tax liabilities, and the Commissioner assigned the same Appeals officer to their case. *Id.* Again, the Appeals officer concluded that the taxpayers did not qualify for a collection alternative and that the proposed levy was appropriate. *Id.* This Court had concluded that the officer's consideration of the taxpayers' 2001 and 2002 tax returns during their CDP hearing for their 2000 tax liability did not constitute "prior involvement" that would disqualify the Appeals officer from handling the taxpayers' CDP hearing related to their 2001 and 2002 tax liabilities. *Cox v. Commissioner*, 126 T.C. at 252–253. In doing so, we had relied on two rationales. *Id.* at 252. Our first rationale was that the regulations indicated that prior involvement "does not arise where consideration of later years was peripheral to a proceeding the subject of which was an earlier year or years" and was not the subject of, i.e., was not directly in dispute in, a proceeding before the Commissioner. *Id.* Secondly, we concluded that, because the law permits multiple CDP hearings with respect to a given period to be conducted by the same officer when that period is the subject of multiple notices pursuant to sections 6320

and/or 6330, there was no greater or different harm where "a period is first considered informally in the course of one collection proceeding initiated regarding another period and then becomes the direct subject of a subsequent proceeding." *Id.* In a divided opinion, the U.S. Court of Appeals for the Tenth Circuit reversed our decision and found that the no-prior-involvement requirement was a broad restriction that should not be limited to involvement in a prior hearing or administrative matter but should include any "substantive and material involvement with a taxpayer's liability, regardless of whether the liability is the liability currently under official review by the Appeals Officer." *Cox v. Commissioner*, 514 F.3d at 1125, 1127–1128.

As we noted above, the Tax Court in *Cox* determined that there was no violation of the impartial officer requirement because (1) the officer's prior involvement was only peripheral to, and not the subject of or directly in dispute in, a proceeding before the Court, and (2) there was no greater or different harm where both the officer's prior involvement and current consideration were in the context of a CDP hearing. *Cox v. Commissioner*, 126 T.C. at 252. In the instant case, Ms. Smeck's involvement with petitioner's appeal of her rejected OIC was not simply peripheral to an ongoing proceeding but instead was the subject of a separate administrative proceeding. Additionally, Ms. Smeck reviewed the same tax periods, i.e., the periods in issue, for both the OIC appeal and the CDP hearing, unlike the officer in *Cox*, where the officer's prior involvement occurred during the review of a different tax period. Moreover, Ms. Smeck's prior involvement occurred during her handling of an OIC appeal, not a previous CDP hearing. Accordingly, the facts before us are different from those encountered in *Cox* and, therefore, the Tax Court's holding in *Cox* does not require the same result in the instant case.

Respondent also contends that the Court of Appeals' holding in *Cox* is not precedential for the instant case, which is appealable to the U.S. Court of Appeals for the Sixth Circuit.[6] Respondent is correct that we follow a Court of

---

[6] *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971), established the rule that this Court will "follow a Court of Appeals decision which is squarely in point where appeal from our deci-

Appeals' decision where appeal lies to that Court of Appeals and, therefore, it does not follow under the *Golsen* rule that we apply the Court of Appeals' holding in *Cox* in the instant case.[7]

As the instant case is distinguishable from *Cox*, we next address whether the facts before us indicate prior involvement. Ms. Smeck reviewed petitioner's appeal of her rejected OIC for the periods in issue for nearly three months before petitioner's CDP hearing for the same periods in issue was also transferred to her. During those three months, Ms. Smeck requested from petitioner and evaluated various documents, forms, and other financial information to calculate petitioner's reasonable collection potential and evaluate petitioner's rejected OIC. Accordingly, through her review of petitioner's rejected OIC,[8] Ms. Smeck had prior involvement with petitioner's unpaid tax liabilities for the periods in issue before she was assigned to handle petitioner's CDP hearing for the same taxes and periods in issue. Consequently, we

---

sion lies to that Court of Appeals" (the *Golsen* rule).

[7] Pursuant to *Golsen v. Commissioner*, 54 T.C. at 757, we would apply the Court of Appeals' holding in *Cox* to future cases arising in the Tenth Circuit if the facts were squarely in point with those encountered in *Cox*. *See Lardas v. Commissioner*, 99 T.C. 490, 493–495 (1992). For clarity, we note that we have not decided whether we will apply the Tenth Circuit Court of Appeals' analysis to facts similar to those in *Cox* arising in cases appealable in circuits other than the Tenth Circuit or instead continue to follow the standard and rationale set forth in our Opinion in that case. We find no need to confront that issue in the instant case because we would reach the same conclusion whether we apply our rationale set forth in our Opinion in *Cox* or the "broad restriction" standard set forth in the Court of Appeals' opinion in *Cox*. Accordingly, our conclusions in the instant case do not conflict with the rationale and conclusion set forth in our Opinion in *Cox*.

[8] Although the record is unclear as to whether petitioner submitted a formal OIC for the periods in issue or only for the periods ending March 31 and September 30, 2000, we find that the parties informally included her unpaid tax liability for her 2008 tax year in her OIC through the course of their interaction. The issue of whether there is an enforceable OIC with respect to all of the periods in issue is separate and distinct from whether an officer's review of that OIC is prior involvement pursuant to sec. 301.6320–1(d), Proced. & Admin. Regs. Because the record is clear that Ms. Smeck at least informally reviewed petitioner's 2008 tax return and liability during petitioner's OIC appeal, we conclude that Ms. Smeck's prior involvement covered the periods in issue and make no conclusion regarding the enforceability of petitioner's OIC.

hold that, pursuant to section 301.6320–1(d)(2), Proced. & Admin. Regs., Ms. Smeck is not an impartial officer pursuant to section 6320(b)(3) and petitioner is entitled to a new CDP hearing before an impartial officer.

Respondent contends that Ms. Smeck was an impartial officer because she had not yet issued a determination regarding petitioner's rejected OIC and that there is "current" involvement, but no "prior" involvement, when an officer has not made any determination regarding a rejected OIC. We disagree. The regulations plainly prohibit "prior involvement" and do not specify that the involvement must culminate in the issuance of a determination of any sort. *See generally* sec. 301.6320–1(d), Proced. & Admin. Regs. Accordingly, we conclude that Ms. Smeck's participation in petitioner's OIC appeal constituted "prior involvement" even though she did not issue a determination with regard to the rejected OIC before handling petitioner's CDP hearing.

Additionally, respondent contends that section 6320 contemplates simultaneous review of all issues related to collections during the CDP hearing and that all collection matters may be handled by the same officer. Respondent relies on three main sources of support for that contention.

Respondent first cites section 301.6320–1(d)(1), Proced. & Admin. Regs., which states that "the CDP hearing requested under section 6320 will be held in conjunction with any CDP hearing the taxpayer requests under section 6330." We disagree with respondent's application of section 301.6320–1(d)(1), Proced. & Admin. Regs., to the facts of the instant case. That regulation contemplates a situation in which a taxpayer requests a lien CDP hearing pursuant to section 6320 and, separately, a pre-levy CDP hearing pursuant to section 6330; in those circumstances, the cited regulation provides that the requested CDP hearings may be combined. Sec. 301.6320–1(d)(1), Proced. & Admin. Regs. As we read the legislative history, Congress contemplated one situation where an Appeals officer with prior involvement with respect to the unpaid liability specified in the taxpayer's case may combine a separate CDP hearing, i.e., where it involves a pre-levy CDP hearing pursuant to section 6330 and a lien CDP hearing pursuant to section 6320 regarding the same unpaid liability. H.R. Conf. Rept. No. 105–599, at 266 (1998), 1998–3 C.B. 747, 1020. In that legislative history, Congress

did not contemplate any additional exceptions that might be allowed. *Id.* [9] Additionally, we note that the applicable regulations state that "[*t*]*o the extent practicable*, a CDP hearing under section 6320 will be held in conjunction with a CDP hearing under section 6330". Sec. 301.6320–1(d)(2), A–D3, Proced. & Admin. Regs. (emphasis added). Although that provision might suggest that a lien CDP hearing pursuant to section 6320 may be combined, when practicable, with another lien CDP hearing or that a pre-levy CDP hearing pursuant to section 6330 may be combined with another pre-levy CDP hearing, *see, e.g.*, *Frey v. Commissioner*, T.C. Memo. 2004–87; *Israel v. Commissioner*, T.C. Memo. 2003–198, *aff'd*, 88 Fed. Appx. 941 (7th Cir. 2004), we do not consider that provision to allow the combination of CDP hearings with non-CDP matters, such as the OIC rejection appeal involved in the instant case. Ms. Smeck began handling petitioner's non-CDP appeal of her rejected OIC before she was later assigned petitioner's CDP hearing. On the basis of the foregoing legislative history, we conclude that the regulations respondent cites do not apply in the instant case.

Secondly, respondent relies upon *Gravette v. Commissioner*, T.C. Memo. 2011–138, 2011 WL 2490647, for the proposition that there is no prior involvement where the same Appeals officer handles both a taxpayer's CDP hearing and OIC rejection appeal. We do not agree with respondent's interpretation of *Gravette*. In *Gravette* the taxpayer completed an OIC as a collection alternative to be considered during the course of a CDP hearing that had been requested by the taxpayer and that had commenced before the submission of the OIC. *Id.*, 2011 WL 2490647, at *2. Although the OIC was forwarded

---

[9] In our Opinion in *Cox v. Commissioner*, 126 T.C. at 250, we referred to this same legislative history for the proposition that "both the statutory and the regulatory language suggest a relatively permissive standard under which participation in earlier collection proceedings would not constitute disqualifying prior involvement for purposes of section 6320 or 6330." We do not opine on whether the legislative history supports a permissive standard or whether we will continue to apply a permissive standard to situations similar to *Cox* that involve two CDP matters. However, we conclude that the flexibility contemplated by Congress and provided in sec. 301.6320–1(d)(1), Proced. & Admin. Regs., as plainly stated in the regulation, applies only to situations involving two or more CDP matters.

to an offer examiner for initial review, rejected by that examiner, and then appealed for review by the Appeals officer handling the CDP hearing, *id.* at *2–*3, this Court found that there was no prior involvement because the Appeals officer's participation in the OIC review was entirely within the context of the CDP hearing, *id.* at *6. Section 6330(c)(2)(A)(iii) specifically provides that the CDP hearing issues may include, among other matters, an offer-in-compromise. In the instant case, unlike the Appeals officer in *Gravette*, Ms. Smeck initiated her review of petitioner's rejected OIC before she was assigned to handle petitioner's CDP hearing. Unlike the OIC appeal taxpayer in *Gravette*, petitioner's OIC appeal was an administrative proceeding that was separate from the CDP hearing. Accordingly, we conclude that *Gravette* is inapplicable to the facts before us. [10]

Thirdly, respondent contends that the purpose of section 6320(b)(3) is to prevent an Appeals officer from examining a taxpayer's underlying liability during the examination function and then handling a CDP hearing involving the same liability during the enforcement function, because the officer's evaluation of the liability might bias his or her determination of whether the unpaid liability is collectible. However, respondent explains, the bias is not present where the officer is faced solely with the question of whether the tax is collectible, i.e., whether the taxpayer is able to pay outstanding liabilities, and therefore, that Ms. Smeck's concurrent handling of petitioner's rejected OIC and CDP hearing does not run afoul of the section 6320(b)(3) prohibition against prior involvement because both matters involved an evaluation of petitioner's ability to pay the unpaid tax liabilities for the periods in issue. We disagree with respondent's contention. It is well established that "in the absence of a 'clearly expressed legislative intention to the contrary', the language of the statute itself 'must ordinarily be regarded as

---

[10] We note that respondent could have transferred petitioner's OIC appeal from Ms. Smeck to Ms. Kane, which would have ensured that petitioner's OIC was reviewed pursuant to the specific authority to do so pursuant to sec. 6330(c)(2)(A)(iii) during the course of her CDP hearing with Ms. Kane, who would not have had any "prior involvement" with petitioner's unpaid tax liabilities for the periods in issue outside the context of the CDP hearing.

conclusive'." *Burlington N. R.R. Co. v. Okla. Tax Comm'n*, 481 U.S. 454, 461 (1987) (quoting *United States v. James*, 478 U.S. 597, 606 (1986)). An agency may not read ambiguity into a statute in order to reach a practical result. *See Joint Admin. Comm. of Plumbing & Pipefitting Indus. in Detroit Area v. Washington Grp. Int'l*, 568 F.3d 626, 632 (6th Cir. 2009) ("[A]gencies have no authority to *modify* a statute's unambiguous meaning[.]"); *Patterson Trust v. United States*, 729 F.2d 1089, 1095 (6th Cir. 1984) ("[T]he agency may not so interpret the statute as to controvert its plain and unambiguous language[.]"); *see also Harris v. Olszewski*, 442 F.3d 456, 466 (6th Cir. 2006) ("'[T]he court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" (quoting *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–843 (1984))). In the instant case, the statute clearly provides that the officer handling the CDP hearing shall have had no prior involvement with respect to the unpaid tax liabilities in issue. *See* sec. 6320(b)(3). Although Congress intended an exception to the section 6320(b)(3) restriction where a taxpayer requests a lien CDP hearing pursuant to section 6320 and a pre-levy CDP hearing pursuant to section 6330, it did not provide for or express an exception for all matters concerning the taxpayer's ability to pay. *See* H.R. Conf. Rept. No. 105–599, *supra* at 266, 1998–3 C.B. at 1020. Moreover, when the relevant regulations covering section 6320(b)(3) were amended in 2006, the Department of the Treasury sought, inter alia, "to eliminate the potential interpretation that there is a distinction between liability and collection issues in determining prior involvement." T.D. 9290, 2006–2 C.B. 879, 881. Accordingly, we conclude that section 6320(b)(3) does not contemplate a permissive interpretation excepting all matters concerning the taxpayer's ability to pay.

Respondent also contends that taxpayers benefit from combining appeals of rejected OICs with CDP hearings because it would allow for judicial review of an OIC submitted outside the context of a CDP hearing. There is no question that this Court is a court of limited jurisdiction. *See Logan v. Commissioner*, 86 T.C. 1222, 1226 (1986). Our jurisdiction is precisely circumscribed by statute, and we may not enlarge upon that statutory jurisdiction. Sec. 7442; *Logan v. Commis-*

*sioner*, 86 T.C. at 1226; *see also Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). Currently, our jurisdiction to review rejection of a taxpayer's OIC is limited to situations in which the taxpayer submits an OIC as a collection alternative during the course of a CDP hearing pursuant to section 6330(c)(2)(A)(iii), receives a notice of determination as a result of that CDP hearing, and then petitions this Court for review of that determination pursuant to section 6330(d)(1). Respondent, in effect, is asking us to legislate changes in the statute as enacted by Congress to expand the scope of this Court's jurisdiction. The power to legislate is exclusively the power of Congress and not of this Court. *See Iselin v. United States*, 270 U.S. 245, 250–251 (1926). The Court may not "'revise the language of the statute as interpreted by the Treasury to achieve what might be perceived to be better tax policy'." *FleetBoston Fin. Corp. v. United States*, 68 Fed. Cl. 177, 188 (2005) (quoting *Marsh & McLennan Cos. v. United States*, 302 F.3d 1369, 1381 (Fed. Cir. 2002)). While respondent may perceive the result to be harsh, we cannot ignore the plain language of the statute, and in effect, rewrite the statute to achieve what respondent concludes may be a more equitable result. *Eanes v. Commissioner*, 85 T.C. 168, 171 (1985); *see also Badaracco v. Commissioner*, 464 U.S. 386, 398 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement."). [11]

On the basis of the record before us, we conclude that Ms. Smeck's review of petitioner's rejected OIC for her unpaid tax liabilities for the periods in issue constituted "prior involvement" pursuant to section 301.6320–1(d)(2), A–D4, Proced. & Admin. Regs. Accordingly, we hold that Ms. Smeck was not an impartial officer pursuant to section 6320(b)(3) and that respondent did not fulfill his statutory duty to provide petitioner with a "fair" CDP hearing pursuant to section 6320(b). Consequently, petitioner is entitled to a new CDP hearing before an impartial Appeals officer in accordance with section 6320(b) and we will, therefore, exercise our discretion to

---

[11] Moreover, we note that, even if respondent were correct that taxpayers benefit from judicial review of an OIC submitted outside the CDP context, we are in no position in the instant case to evaluate whether that benefit would be greater than the benefit of an independent review of a taxpayer's collection alternatives by an impartial officer pursuant to sec. 6320(b)(3).

remand the instant proceedings to the Appeals Office for that purpose. On the basis of the foregoing, we need not address at this time the issue of whether respondent may proceed with collection of petitioner's unpaid tax liabilities for the periods in issue.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order will be issued.*