T.C. Memo. 2016-201

UNITED STATES TAX COURT

JEFFREY C. WOODY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29992-14L.                    Filed November 8, 2016.

Jeffrey C. Woody, pro se.

<u>Kimberly A. Daigle</u>, for respondent.

MEMORANDUM OPINION

PUGH, <u>Judge</u>:  This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6330(d) or section 7502.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

[*2]                              Background

Respondent's motion asserts that the notice of determination giving rise to this case was mailed to petitioner on January 30, 2013, by certified mail, and that the 30-day period for filing a petition challenging the notice of determination expired on March 1, 2013. Respondent therefore argues that the petition was filed late and we lack jurisdiction.

Petitioner argues that he did not receive the notice of determination until an Internal Revenue Service (IRS) representative provided an undated and unsigned copy to him by letter dated November 10, 2014, which he attached to his petition. The Court received and filed his petition on December 16, 2014. The postmark reflects that petitioner mailed the petition on December 9, 2014. He therefore argues that his petition was timely filed because he mailed it to the Court on December 9, 2014.

The parties do not dispute that we would have jurisdiction if the mailing date of the November 10, 2014, letter is the date that triggered the running of the 30-day period for filing a petition. In addition, they do not dispute that the address on the notice of determination is petitioner's last known address. Thus the only issue for purposes of determining our jurisdiction is the date the notice was mailed. In the light of the dispute, we conducted an evidentiary hearing on

**[*3]** respondent's motion to develop the record as to the mailing of the notice of determination.

Respondent was unable to find an original dated copy of the notice of determination sent to petitioner and states that the original file was destroyed. Therefore, respondent attached declarations from the Appeals Settlement Officer, E.A. Stewart (SO Stewart), and the Processing Team Manager, Kerrin D. Rooney, to establish the facts surrounding the preparation and mailing to petitioner of the notice of determination, and SO Stewart testified at the hearing.

SO Stewart was the settlement officer assigned to petitioner's appeal of the collection action giving rise to the notice of determination. A case activity record print (activity record), bearing a work unit identification number (WUNO) of 1411241018, summarizes SO Stewart's activities relating to petitioner's appeal. The activity record includes an entry by SO Stewart (under the name SO Dandridge) indicating that she submitted the notice of determination to the Appeals Team Manager for closing and transmission to the processing team on January 17, 2013. An entry for January 30, 2013, indicates that Marilyn Arroyo, the Tax Examining Technician in Holtsville, New York, then processed the case, under the supervision of Ms. Rooney. Ms. Arroyo was responsible for mailing. Ms. Rooney's declaration attaches a Certified Mail Return Receipt Approval Form

**[\*4]** prepared by Ms. Arroyo and signed by Ms. Rooney. Attached to that form is a U.S. Postal Service (USPS) Form 3800, Certified Mail Receipt, bearing a USPS stamp dated "JAN 30 2013", petitioner's name and address, and a certified mail number of 7012 2210 0000 9362 2847. Ms. Rooney's declaration explains that the Form 3800 was used to confirm mailing of the notice of determination to petitioner by certified mail and that on the day that Ms. Arroyo mailed the notice of determination to petitioner, she recorded the mailing in the Appeals Centralized Database (ACDS), which tracked petitioner's appeal while it was pending in respondent's Office of Appeals.

The case activity summary card (summary card) from the ACDS shows that a document was mailed by certified mail to petitioner's address on January 30, 2013, and includes the certified mailing number shown on the Form 3800. (The summary card includes the same WUNO number as the activity report, indicates "CDP", and shows a SNDATE of "01/30/2013".) Petitioner does not dispute that a document was mailed but challenges whether the document mailed was the notice of determination he now seeks to challenge. He did not identify what other correspondence the IRS might have been sending on that day, nor did he identify any other matter pending with the IRS at that time. Ms. Rooney's declaration

**[*5]** states that notices of determination are the only documents mailed by certified mail in a collection case.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442; Moosally v. Commissioner, 142 T.C. 183, 195-196 (2014). Section 6330(d)(1) provides that an aggrieved taxpayer in a lien/levy case "may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." We have held that this 30-day period is jurisdictional, and we dismiss for lack of jurisdiction cases in which petitions are not filed within this 30-day period. See, e.g., Gray v. Commissioner, 138 T.C. 295, 299 (2012). The question we must resolve then is when the 30-day period began for petitioner.

We recently considered this question in detail in a case bearing certain similarities to the facts here. In Bongam v. Commissioner, 146 T.C. 52 (2016), after an administrative hearing, the IRS sent the taxpayer by certified mail a notice of determination denying relief. The notice was mailed to the taxpayer at what the parties agreed was an incorrect address and was returned to the IRS as undeliverable. Without revising the date on the notice of determination, the IRS

[*6] then remailed the notice to the taxpayer by regular mail. The taxpayer received this copy and petitioned us within 30 days of the remailing (and his actual receipt), which was more than 30 days after the date on the notice.

After reviewing the jurisdictional requirements and the wording of section 6330, we held that the notice as originally mailed was invalid because it was not mailed to the taxpayer at his last known address. We further held that the notice subsequently remailed to the taxpayer was valid because the taxpayer received it in time to file a timely petition. We treated the date the notice was remailed to or received by the taxpayer as the critical date rather than the date shown on the notice itself.

By contrast, in Weber v. Commissioner, 122 T.C. 258, 262 (2004), we concluded that we lacked jurisdiction because the IRS was able to establish that a notice of determination was "sent by certified or registered mail to * * * [the] taxpayer at the taxpayer's last known address", although the notice was unclaimed by the taxpayer. We further held that it was "immaterial that * * * [the taxpayer] did not receive the notice of determination before the expiration of the 30-day filing period." Id. at 263. We also declined to allow the late mailing of a courtesy copy to revive the 30-day filing period, even though the taxpayer filed his petition within 30 days of receiving that courtesy copy. Id.

**[\*7]**  In the case before us, the parties do not dispute that respondent was using petitioner's last known address.  Following the reasoning of <u>Bongam</u> and <u>Weber</u>, if we conclude that respondent properly mailed the notice to petitioner at that address on January 30, 2013, rather than on November 10, 2014 (the date that the IRS representative mailed to petitioner the unsigned and undated copy of the notice), we would lack jurisdiction as his petition would be untimely.

Respondent bears the burden of proving that the notice was properly mailed on January 30, 2013.  <u>See</u> <u>Coleman v. Commissioner</u>, 94 T.C. 82, 90 (1990).  Respondent was unable to provide a dated and signed copy of the notice or a certified mailing list, as the original file was destroyed, but did produce a USPS Form 3800 bearing the same certified mail number as that in respondent's computerized records.  In other cases where the taxpayer disputed the mailing and the IRS records were incomplete, we have allowed testimony by IRS employees and USPS employees to fill the gap.  In those cases the testimony regarding mailing was consistent with and was supported by other evidence of mailing.  <u>See</u> <u>Figler v. Commissioner</u>, T.C. Memo. 2005-230 (concluding that the preponderance of the evidence showed that a notice of deficiency was mailed to taxpayer based on testimony by the IRS employee responsible for mailing that corroborated information on the Form 3877 and additional corroborating

[*8] testimony by the employee's reviewer and by a USPS employee as to procedures); see also Weiss v. Commissioner, 147 T.C. __, __ (slip op. at 23) (Aug. 17, 2016) (citing testimony and documentary evidence that supported a settlement officer's determination of the date of mailing of a notice of intent to levy). Where we identified inconsistencies between the testimony and the documents, by contrast, we have concluded that the IRS failed to meet its burden. See Dorsey v. Commissioner, T.C. Memo. 1993-182 (concluding that IRS did not satisfy burden of proof because of inconsistencies between control card and testimony of employees responsible for mailing).

Here, respondent's computer records and the USPS Form 3800 support the testimony and declarations by respondent's employees. SO Stewart's testimony was very helpful in explaining the computer records that respondent has regarding respondent's processing of the notice of determination, and petitioner did not dispute that something was mailed to him that day and did not suggest what other document might have been mailed instead of the notice of determination. Although we do not have testimony from the employee responsible for the mailing, Ms. Arroyo, we do not require IRS employees to recall a specific mailing. We simply require the IRS to establish its procedure for mailing and to introduce evidence showing that the procedure was followed in the case before us. Cataldo

**[\*9]** <u>v. Commissioner</u>, 60 T.C. 522, 524 (1973), <u>aff'd</u>, 499 F.2d 550 (2d Cir. 1974). We therefore hold that respondent has carried his burden of showing that the notice was properly mailed to petitioner on January 30, 2013. And, as we held in <u>Weber</u>, once respondent establishes that the notice was mailed, it is "immaterial" that petitioner did not receive it within the 30-day filing period. Because petitioner did not mail the petition to the Court within that period, we lack jurisdiction.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An order of dismissal for lack of</u>

<u>jurisdiction will be entered</u>.