# United States Tax Court

160 T.C. No. 15

JOSEFA CASTILLO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 18336-19L.                          Filed June 5, 2023.

————

P late filed her Petition for review of a collection due process (CDP) determination. R moved to dismiss the case for lack of jurisdiction, arguing that the I.R.C. § 6330(d)(1) 30-day deadline to file a petition for review of a CDP determination was jurisdictional. The Court granted that Motion. P appealed the Order of Dismissal to the U.S. Court of Appeals for the Second Circuit. The appeal was held in abeyance pending the Supreme Court's decision in *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022).

The Supreme Court held that the I.R.C. § 6330(d)(1) 30-day deadline was nonjurisdictional. In the light of that holding, the Second Circuit vacated this Court's Order of Dismissal and remanded the case for further consideration. On remand R conceded the case in full. P moved for an award of costs pursuant to I.R.C. § 7430. R opposed the Motion, arguing that R was substantially justified in R's legal position that this Court lacked jurisdiction to hear the matter at the time the Petition was filed.

*Held*: R was substantially justified in R's legal position that the Court lacked jurisdiction to hear the case because at the time the Petition was filed, the caselaw was clear that the I.R.C. § 6330(d)(1) 30-day deadline was jurisdictional and not subject to equitable tolling. For that

**Served 06/05/23**

reason, P was not treated as the prevailing party for purposes of I.R.C. § 7430. P's Motion for Reasonable Litigation Costs will be denied.

———————

*Elizabeth A. Maresca*, for petitioner.

*Kevin R. Oveisi*, *Francesca M. Ugolini*, *Thomas A. Deamus*, and *Mimi M. Wong*, for respondent.

## OPINION

KERRIGAN, *Chief Judge*: This case is before the Court on petitioner's Motion for Reasonable Litigation or Administrative Costs. The U.S. Court of Appeals for the Second Circuit vacated this Court's Order of Dismissal in this case and remanded it for further proceedings in the light of the Supreme's Court decision in *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022). Mandate, *Castillo v. Commissioner*, No. 20-1635 (2d Cir. Sept. 23, 2022).

On remand respondent conceded the case in full. The issue remaining for consideration is petitioner's Motion in which she requests administrative and litigation costs of $5,601 and $129,750, respectively, pursuant to section 7430(a).[1] Respondent has conceded the administrative costs. We will consider only whether petitioner is entitled to litigation costs of $129,750.

### *Background*

The following facts are derived from the parties' pleadings and Motion papers, including the Declarations and the Exhibits attached thereto. Petitioner resided in New York when she filed her Petition.

On November 28, 2016, respondent issued petitioner a notice of deficiency for 2014. The notice determined that petitioner had income of $139,274 from payment card and third-party network transactions.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

Since petitioner reported $11,900, respondent determined that she had unreported income of approximately $127,374 and a deficiency of $44,427. Respondent also determined that petitioner was liable for a section 6662(a) and (b)(2) accuracy-related penalty of $8,885 for an underpayment attributable to a substantial understatement of income tax.

The deficiency notice was mailed to petitioner's last known address. The United States Postal Service attempted delivery of the notice once, but the correspondence was unclaimed and returned to respondent. On April 17, 2017, respondent assessed the deficiency and the penalty. On February 13, 2018, respondent issued petitioner a Notice of Federal Tax Lien (NFTL) Filing and Your Right to a Hearing Under Section 6320. On March 2, 2018, petitioner filed a request for a collection due process (CDP) hearing.

At the CDP hearing, petitioner argued that she had not received the deficiency notice and was not liable for the deficiency, interest, or penalty. She argued that the income attributed to her in the deficiency notice was instead attributable to Castillo Seafood, a business she allegedly sold in 2009.

The settlement officer informed petitioner that because the notice of deficiency was properly mailed but unclaimed, the underlying liability could not be disputed unless petitioner could demonstrate that she was out of the country during that time. Petitioner did not make that showing but maintained that the determination was incorrect.

On December 11, 2018, respondent issued petitioner a notice of determination for the 2014 taxable year, which sustained the filing of the NFTL. It was mailed to petitioner's last known address. The 30-day period for filing a petition with the Tax Court expired on January 10, 2019. Petitioner filed her Petition on October 8, 2019. Respondent stated in the Answer that "respondent intends on filing a motion to dismiss for lack of jurisdiction."

On January 6, 2020, respondent moved to dismiss petitioner's case for lack of jurisdiction on the ground that the Petition was not timely filed. On March 25, 2020, we granted that Motion. On May 19, 2020, petitioner filed a Notice of Appeal with the Second Circuit. That case was held in abeyance pending the Supreme Court's decision in *Boechler*.

On April 21, 2022, the Supreme Court decided *Boechler*, holding that the section 6330(d)(1) 30-day deadline to file a petition for review of a CDP determination is nonjurisdictional and subject to equitable tolling. *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1501. On August 2, 2022, the Second Circuit vacated the Tax Court's Order of Dismissal in this case and remanded it for further proceedings in accord with the Supreme Court's decision in *Boechler*. On November 8, 2022, the parties filed a Stipulation of Settled Issues, stating that petitioner was not liable for the unreported income, penalty, or interest determined in the deficiency notice. On January 5, 2023, petitioner filed the Motion now at issue.

*Discussion*

Section 7430(a) provides that the prevailing party may be awarded reasonable administrative or litigation costs for any proceedings brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty. To recover costs, the taxpayer must establish that (1) the taxpayer is the prevailing party, (2) he or she did not unreasonably protract the proceedings, (3) the amount of the costs requested is reasonable, and (4) he or she exhausted the administrative remedies available. *Friends of Benedictines in the Holy Land, Inc. v. Commissioner*, 150 T.C. 107, 111–12 (2018).

The section 7430 requirements are conjunctive, and the failure to satisfy any one of them will preclude an award of costs. *See Minahan v. Commissioner*, 88 T.C. 492, 497 (1987). As the moving party, petitioner has the burden of proving that she satisfies each requirement of section 7430. *See* Rule 232(e). The fact that respondent ultimately conceded the case in full is not determinative as to whether petitioner is entitled to an award of reasonable litigation costs. *See Sokol v. Commissioner*, 92 T.C. 760, 767 (1989).

Respondent conceded that petitioner has satisfied three of the section 7430 requirements: She did not unreasonably protract the proceedings, the amount of the costs requested is reasonable, and she exhausted the administrative remedies available. The parties disagree as to whether petitioner should be treated as the prevailing party.

To be the prevailing party, petitioner must have substantially prevailed with respect to the amount in controversy or have substantially prevailed with respect to the most significant issue or set

of issues presented. *See* § 7430(c)(4)(A)(i). The parties filed a Stipulation of Settled Issues agreeing that the notice of determination is not sustained, and petitioner is not liable for the deficiency, interest, or penalty determined in the deficiency notice. Petitioner has prevailed with respect to the amount in controversy.

The parties dispute the "most significant issue" on which petitioner prevailed. *See* § 7430(c)(4)(A)(i)(II). Since petitioner was the prevailing party as to the amount in controversy, we do not need to decide this issue. Instead we must consider the exception provided in section 7430(c)(4)(B). A party is not treated as the prevailing party if the United States establishes that its position was "substantially justified." § 7430(c)(4)(B)(i). Respondent contends that the exception is applicable here.

Respondent bears the burden of showing that respondent's position was substantially justified. *See* § 7430(c)(4)(B)(i); Rule 232(e). Generally, the Government's position is substantially justified when its position is based on supportable interpretations of federal tax statutes and caselaw. *TKB Int'l, Inc. v. United States*, 995 F.2d 1460, 1468 (9th Cir. 1993). The litigation position of the United States is generally established at the time the Government files its answer in the judicial proceeding. *See* § 7430(c)(7)(A); *Huffman v. Commissioner*, 978 F.2d 1139, 1148 (9th Cir. 1992), *aff'g in part, rev'g in part, and remanding* T.C. Memo. 1991-144; *Maggie Mgmt. Co. v. Commissioner*, 108 T.C. 430, 442 (1997). To be substantially justified respondent's position must have a reasonable basis in both fact and law. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Respondent's litigation position—which was first raised in the Answer—was that the Court lacked jurisdiction because the Petition was not timely filed. There is no dispute that the Petition was filed late. Respondent argues that because the law was clear then that a timely filing was necessary to establish the Court's jurisdiction, the Commissioner was substantially justified in asserting that the Court lacked jurisdiction. We agree with respondent.

The notice of determination was mailed by certified mail in accordance with Treasury Regulation § 301.6330-1(e)(3) Q&A-E8 and sufficient to start the 30-day period for appeal under section 6330(d). *See Weber v. Commissioner*, 122 T.C. 258, 261–62 (2004). Until the Supreme Court's recent decision in *Boechler*, it was well established that the 30-day period to file a petition for review of a collection due process

determination was jurisdictional. *See Kaplan v. Commissioner*, 552 F. App'x 77, 78 (2d Cir. 2014); *Guralnik v. Commissioner*, 146 T.C. 230, 235–36 (2016).

Before the Supreme Court's decision in *Boechler* neither the Tax Court nor the federal courts of appeals had held the 30-day period in section 6330(d)(1) to be nonjurisdictional. Because *Boechler* was a matter of first impression for the Supreme Court, respondent's position was substantially justified. *See Bontrager v. Commissioner*, T.C. Memo. 2019-45, at \*6 ("The Commissioner generally is not subject to an award of litigation costs under section 7430 where the underlying issue is one of first impression." (quoting *Rowe v. Commissioner*, T.C. Memo. 2002-136, 2002 WL 1150776, at \*11)). Petitioner then should not be treated as the prevailing party.

Petitioner argues that respondent's position should be presumed not to be substantially justified because respondent did not follow guidance provided in the Internal Revenue Manual (IRM). *See* § 7430(c)(4)(B)(ii). The presumption in section 7430(c)(4)(B)(ii) does not arise here because the IRM is not "applicable published guidance" within the meaning of the statute. Section 7430(c)(4)(B)(iv) defines "applicable published guidance" exhaustively as "regulations, revenue rulings, revenue procedures, information releases, notices, and announcements, and . . . any of the following which are issued to the taxpayer: private letter rulings, technical advice memoranda, and determination letters." Since the IRM is not included in this list, the presumption does not arise.

We conclude that petitioner is not entitled to an award of litigation costs. We have considered all of petitioner's arguments, and to the extent not discussed above, we find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate order will be entered.*